```
 1   UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x

 3   UNITED STATES OF AMERICA,
     ex rel, EDWARD O'DONNELL,
 4   appearing QUI TAM,

 5                  Plaintiff,

 6          v.                              12 Civ. 1422 (JSR)

 7   BANK OF AMERICA CORPORATION,
                                            Conference
 8                  Defendant.

 9   ------------------------------x
                                            New York, N.Y.
10                                          October 25, 2012
                                            5:00 p.m.
11   Before:

12              HON. JED S. RAKOFF
                                            District Judge
13

14              APPEARANCES

15   PREET BHARARA
          United States Attorney for the
16        Southern District of New York
          Attorney for Plaintiff
17   PIERRE ARMAND
     JAIMIE NAWADAY
18        Assistant United States Attorneys

19   THE WASINGER LAW GROUP P.C.
          Attorneys for Relator O'Donnell
20   BY:  DAVID G. WASINGER

21   WILLIAMS & CONNOLLY LLP
          Attorneys for Defendant Bank of America
22   BY:  BRENDAN SULLIVAN
          ENU MAINIGI
23
     GOODWIN PROCTER LLP
24        Attorneys for Countrywide Financial
     BY:  RICHARD M. STRASSBERG
25        WILLIAM J. HARRINGTON
```

1          (Case called)

2          THE COURT:  Good afternoon.  I appreciate everyone
3  coming on such short notice.  I haven't learned about the right
4  way to conduct both a lawsuit and life from my model, Brendan
5  Sullivan.  I knew we needed to get this matter moving quickly.

6          The first thing is I had signed an order unsealing the
7  complaint, but I allowed to continue under seal certain
8  documents that were presented while this was still in the
9  investigation stage under the qui tam procedures.  I want to
10 know the position of the government and the relator as to
11 whether those should now be unsealed.

12         MR. ARMAND:  Your Honor, we actually checked the
13 docket and we found that those documents weren't actually on
14 the docket.  What is there, the government has no problem with
15 unsealing.

16         THE COURT:  Everything has been unsealed.

17         MR. ARMAND:  Yes.

18         THE COURT:  Very good.  Secondly, is there any reason
19 why the relator has to continue in this case other than at the
20 very end, when, if there is a recovery, he undoubtedly will
21 vigorously appear?

22         MR. ARMAND:  In the government's view, no, your Honor.
23 We have intervened on behalf of the relator's claims.  There
24 are some FCA claims relating to HUD FHA loans, we did not
25 intervene on those.  But those claims were already released in

1  a prior settlement with the Department of Justice.  But we
2  don't see anything requiring the relator to remain.
3          THE COURT:  Who speaks for the relator?
4          MR. WASINGER:  David Wasinger on behalf of Mr.
5  O'Donnell.  We would concur with Mr. Armand's position in that
6  under the False Claims Act the primary responsibility for
7  prosecuting the case lies with the government.  We would concur
8  with his position with the understanding we would monitor the
9  case.  To the extent Mr. O'Donnell is deposed, we will
10 represent him in that capacity, and we will also continue to
11 monitor the case.
12         THE COURT:  The relator is excused under those terms.
13         MR. WASINGER:  Thank you, your Honor.
14         THE COURT:  I don't know whether defense counsel have
15 had an opportunity to consider a case management plan.  My
16 preference would be to work that out today.  But I understand
17 this matter is only, in terms of the defendants, a day old, so
18 if you need a little more time for that, I'll give it to you.
19 Is there any reason why we can't work out a plan today?
20         MR. SULLIVAN:  No, your Honor.
21         THE COURT:  Very good.  This is going to be a nonjury
22 case or a jury case?
23         MR. ARMAND:  Jury, your Honor.
24         THE COURT:  Does anyone anticipated any additional
25 parties?

1            MR. ARMAND:  Potentially, your Honor, the government
2   may amend its complaint to name additional parties potentially,
3   individuals, present or former employees of Bank of America.
4            THE COURT:  How long would you want to make that
5   determination?  I understand you may need some discovery for
6   that.  How about by the end of December?
7            MR. ARMAND:  That's fine, your Honor.
8            THE COURT:  Joinder of initial parties must be
9   accomplished by the end of December.  I therefore will give
10  leave for an amended pleading to be filed without leave of
11  Court through the end of December as well.  Does anyone
12  anticipate a Rule 12 motion?
13           MR. SULLIVAN:  We do, your Honor.
14           THE COURT:  Are you in a position to set a schedule
15  for that?
16           MR. SULLIVAN:  Yes, your Honor.
17           THE COURT:  What kind of motion do you have in mind?
18           MR. SULLIVAN:  Your Honor, fascinating issues arise
19  out of the FIRREA statute and its use here.  I know you are
20  very familiar with it both in private practice and the court.
21  It is being used here unlike anything that we have seen before.
22  I think we will have an interesting motion for the Court to
23  consider.
24           THE COURT:  When do you want to move?
25           MR. SULLIVAN:  Would it be appropriate to have 60 days

1    for that, your Honor?

2              THE COURT:  How long?

3              MR. SULLIVAN:  60 days.

4              THE COURT:  I will give you 60 days if you understand

5    that discovery will start before then.

6              MR. SULLIVAN:  Yes, your Honor, we are eager to start

7    discovery.

8              THE COURT:  Very good.  Moving papers on that motion

9    would be -- today is the 25th, so that would be Christmas.  How

10   about December 21st.

11             MR. SULLIVAN:  That would be fine, your Honor.  Thank

12   you.

13             THE COURT:  How long does the government want for

14   answering papers?

15             MR. ARMAND:  30 days, your Honor.

16             THE COURT:  What day of the week is January 21st?

17             THE CLERK:  January 21st is a Monday.

18             THE COURT:  January 21st.  10 days?

19             MR. SULLIVAN:  Yes, your Honor.

20             THE COURT:  So January 31st.  Is that a weekday?

21             THE CLERK:  Yes, it's Thursday.

22             THE COURT:  Very good.  We'll have oral argument on

23   that motion on, let's look at February 7th.

24             THE CLERK:  February 7th is a Thursday.

25             THE COURT:  February 7th at 4 p.m.  Going to

1  discovery --

2  MR. ARMAND: Your Honor, one clarification. If the

3  government determines that it would like to amend its complaint

4  in response to the defense motion to dismiss, is that something

5  that can be done on the date our opposition is due?

6  THE COURT: Yes. I think what you should do at that

7  point is before you do that, call chambers jointly with your

8  adversary and we will figure out whether or not it affects the

9  schedule. I don't guarantee you I would give you leave to do

10  that.

11  If, for example, to take what I don't think is the

12  situation here but I don't know, it was a question of failure

13  to plead with particularity, then of course amendment is almost

14  always granted as a matter of course. But if on the other hand

15  the real questions were jurisdictional, to take another

16  extreme, there would be no point in having an amended complaint

17  unless you could represent you had cured jurisdictional

18  defects.

19  I would say sometime after you get their papers on the

20  21st but well before January 21st, when your response is due,

21  if you want to amend in response to their motion, jointly call

22  chambers with your adversaries and we'll figure that out at

23  that time.

24  MR. ARMAND: Understood, your Honor. Thank you.

25  THE COURT: In terms of discovery, what date are

1     disclosures required in this case?
2              MR. ARMAND:  Their Rule 26(a) disclosures?
3              THE COURT:  Yes.
4              MR. ARMAND:  Which the government can provide fairly
5     shortly.
6              THE COURT:  Your adversary has some responsibilities
7     there as well.  What I was thinking of, I have here in my
8     standard case management plan first request for production of
9     documents.  That is really designed to catch stuff that isn't
10    covered by the required disclosures.  It is only a first
11    request.  It doesn't preclude subsequent requests as the case
12    goes forward.  I usually like to put that a week after the
13    required disclosures are due so that it doesn't duplicate the
14    required disclosures.  You're going to get your required
15    disclosures, what, in a week?
16             MR. ARMAND:  Yes, your Honor.
17             THE COURT:  How about on the defense side?
18             MR. SULLIVAN:  Your Honor, could we have 30 days for
19    that?
20             THE COURT:  All right.  If it's going to be 30 days
21    for that, then we'll put first request for production of
22    documents -- you could do it before then, but this is the
23    latest date that your first request can be made -- we'll make
24    it December 3rd.
25             I point out to counsel, although it is stated there in

Caprusac 8

Caprusac 8

1  my case management plan, the only interrogatories I permit are
2  those under local Rule 33.3(a), which are very limited except
3  upon express permission of the Court, and that express
4  permission is almost never granted.  These are very easy to
5  draft.  The words are right there in the rules.  The last day
6  on which those must be served, why don't we make that November
7  2nd.
8              Does plaintiff anticipate calling experts?
9              MR. ARMAND:  Yes, your Honor.
10             THE COURT:  After watching the proceedings here
11 earlier today, do you still want to call experts?
12             MR. ARMAND:  Indeed, your Honor.
13             THE COURT:  When would you like to have your expert
14 disclosures?
15             MR. ARMAND:  120 days, your Honor?
16             THE COURT:  No.  That's too much.  How about March
17 1st.
18             MR. ARMAND:  Very well, your Honor.
19             THE COURT:  On the other side, how about April -- let
20 me again check that these are all weekdays -- Friday, April
21 13th.
22             THE CLERK:  That's a Saturday.
23             THE COURT:  I'm sorry, that is a Saturday.  Friday,
24 April 12th.  It's not nearly as good as Friday the 13th.  April
25 12th for defense expert disclosures.

1      Does plaintiff have a feeling for how many depositions
2 other than experts you are likely to have?  This is not
3 binding.  I just want a sort of ballpark.
4      MR. ARMAND:  30 depositions.
5      THE COURT:  I'm sorry?  How much?
6      MR. ARMAND:  30 depositions.
7      THE COURT:  That's a lot more than the rules provide.
8      MR. ARMAND:  Yes, your Honor.
9      THE COURT:  You have already investigated this case
10 somewhat, have you not?
11      MR. ARMAND:  We have, your Honor.
12      THE COURT:  We don't need to deal with this today, but
13 I'm skeptical that 30 depositions are going to be allowed.  How
14 about on the defense side?
15      MR. SULLIVAN:  We really have no idea at this point,
16 your Honor.  It would depend, of course, upon what we find in
17 discovery.
18      THE COURT:  There I will give you 120 days.  Today is
19 October 25th.  April 25th approximately.  That's a Thursday.
20 We'll make it April 26th, Friday April 26th, for the conclusion
21 of all depositions.
22      I don't preclude the possibility of extending that if
23 there really are a huge number of depositions.  But it doesn't
24 sound right to me that there should be so many depositions.
25 You know your case, I don't.  For now you had better count on

1   April 26th as being a reasonably firm date.

2   MR. ARMAND: Very well, your Honor.

3   THE COURT: Requests to admit, which everyone knows
4   are largely a waste of time, March 26th. All discovery to be
5   completed by May 3rd. That's the day that I most care about.
6   Counsel for the parties on mutual consent can move all these
7   other dates for discovery as long as all discovery is completed
8   by May 3rd. That date, though, I'm going to try very hard to
9   keep firm.

10   Moving papers on summary judgment May 17th. Answering
11   papers May 31st. Reply papers June 7th. Final pretrial
12   conference and oral argument on any summary judgment motion,
13   June 14th at 4 p.m. I will put down as the ready for trial
14   date June 14th.

15   That's not the trial date, that's the ready for trial
16   date, by which I mean that when we convene for the final
17   pretrial conference on June 14th, no one will be heard to say,
18   oh, there is some discovery we forgot to do or there is some
19   motion we forgot to make. The only excuse I will hear in terms
20   of a trial date is that you have already been ordered to trial
21   in some other case before some other judge.

22   If I had to guess, I would think we are probably
23   talking a trial in August of 2013. I expect, assuming we get
24   that far, there will be substantial summary judgment motions
25   that will take me a month to resolve.

1           I've signed the case management plan.  It will be
2   filed electronically and therefore available to both sides.  I
3   really appreciate being able to get this out of the way today.
4   Is there anything else we need to take up today?
5           MR. SULLIVAN:  No, your Honor.
6           MR. ARMAND:  No, your Honor.
7           MR. STRASSBERG:  No, your Honor.
8           THE COURT:  Very good.  Thanks so much.
9           (Adjourned)