**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

UNITED STATES OF AMERICA,

     Plaintiff,

          v.

COUNTRYWIDE FINANCIAL
CORPORATION; COUNTRYWIDE
HOME LOANS, INC.; COUNTRYWIDE
BANK, FSB; BANK OF AMERICA
CORPORATION; BANK OF AMERICA,
N.A.; and REBECCA MAIRONE,

     Defendants.

12 Civ. 1422 (JSR)

ECF Case

---

**MEMORANDUM OF LAW IN SUPPORT OF THE UNITED STATES OF AMERICA'S
OMNIBUS MOTION *IN LIMINE* TO EXCLUDE CERTAIN EVIDENCE**

PREET BHARARA
United States Attorney for the
Southern District of New York
Attorney for the United States
86 Chambers Street – 3rd Floor
New York, N.Y.  10007
Tel. No.:  (212) 637-2800
Fax No.:  (212) 637-2730

PIERRE G. ARMAND
JAIMIE L. NAWADAY
JOSEPH N. CORDARO
CARINA H. SCHOENBERGER
ELLEN LONDON
Assistant United States Attorneys
     -Of Counsel-

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................1

ARGUMENT.............................................................................................................................1

    I.     MOTION *IN LIMINE* NUMBER ONE: TO EXCLUDE EVIDENCE AND
          ARGUMENTS REGARDING CAUSATION ...........................................................2

    II.    MOTION *IN LIMINE* NUMBER TWO: TO EXCLUDE EVIDENCE
          REGARDING THE GOVERNMENT'S KNOWLEDGE OF OR
          PARTICIPATION IN SETTLEMENT DISCUSSIONS BETWEEN
          THE BANK DEFENDANTS AND FANNIE MAE .....................................................4

    III.   MOTION *IN LIMINE* NUMBER THREE: TO EXCLUDE
          EVIDENCE CONCERNING THE BANK DEFENDANTS'
          EMPLOYEES' CHARACTER FOR TRUTHFULNESS AND HONESTY ..............6

    IV.   MOTION *IN LIMINE* NUMBER FOUR: TO EXCLUDE OPINION
          TESTIMONY BY LAY WITNESSES CONSISTING OF LEGAL
          CONCLUSIONS.........................................................................................................9

    V.    MOTION *IN LIMINE* NUMBER FIVE: TO EXCLUDE EVIDENCE
          CONCERNING INDEMNIFICATION AGREEMENTS WITH BAC.....................11

    VI.   MOTION *IN LIMINE* NUMBER SIX: TO EXCLUDE EVIDENCE
          REGARDING ALLEGATIONS OR LEGAL THEORIES NOT PURSUED
          BY THE GOVERNMENT AT TRIAL .....................................................................13

    VII.  MOTION *IN LIMINE* NUMBER SEVEN: TO EXCLUDE ANY
          OPINIONS OF COUNSEL .....................................................................................14

    VIII. MOTION *IN LIMINE* NUMBER EIGHT: TO EXCLUDE THE PROPOSED
          TESTIMONY OF CERTAIN FED. R. CIV. P. 30(b)(6) WITNESSES AT TRIAL ..15

    IX.   MOTION *IN LIMINE* NUMBER NINE: TO EXCLUDE VIDEOTAPED
          DEPOSITION CLIPS DURING OPENING STATEMENTS OR
          CLOSING ARGUMENTS .......................................................................................17

CONCLUSION........................................................................................................................18

# TABLE OF AUTHORITIES

**CASES**                                                                                                      **PAGE**

*A&E Prods. Grp., L.P. v. Mainetti USA Inc.*,
No. 01 Civ. 10820, 2004 WL 345841 (S.D.N.Y. Feb. 25, 2004) .............................. 16

*Assured Guar. Mun. Corp. v. Flagstar Bank, FSB*,
920 F. Supp. 2d 475 (S.D.N.Y. 2013) ............................................................................. 3

*Cameron v. City of New York*,
598 F.3d 50 (2d Cir. 2010) ............................................................................................ 10

*Davis v. City of New York,*
--- F. Supp. 2d ----, 2013 WL 2298165 (S.D.N.Y. May 24, 2013) .................................. 10

*Dunn v. United States*,
307 F.2d 883 (5th Cir. 1962) ......................................................................................... 15

*Evans v. Port Authority of New York & New Jersey*,
192 F. Supp. 2d 247 (S.D.N.Y. 2002) .............................................................................. 2

*Henry v. Wyeth Pharm., Inc.*,
616 F.3d 134 (2d Cir. 2010) .................................................................................... 11, 14

*Highland Capital Management, L.P. v. Schneider*,
379 F. Supp. 2d 461 (S.D.N.Y. 2005) .............................................................................. 1

*Hill v. Nat'l R.R. Passenger Corp.*,
No. 88-5277, 1989 WL 87621 (E.D. La. July 28, 1989) ............................................... 16

*Hynix Semiconductor Inc. v. Rambus Inc.*,
Nos. CV-00-20905 RMW, C-05-00334 RMW, C-06-00244 RMW, 2008 WL
190990 (N.D. Cal. Jan. 21, 2008) ................................................................................. 17

*L-3 Comm'ns Corp. v. OSI Systems, Inc.*,
No. 02 Civ. 9144 (PAC), 2006 WL 988143 (S.D.N.Y. Apr. 13, 2006) .............. 16, 17

*Lamborn v. Dittmer*,
873 F.2d 522 (2d Cir. 1989) ............................................................................................ 5

*LaSalle Bank Nat. Association v. CIBC Inc.*,
No. 08 Civ. 8426 (WHP)(HBP), 2012 WL 466785 (S.D.N.Y. Feb. 14, 2012) ...........10-11

*Murray v. Metropolitan Life Insurance Co.*,
583 F.3d 173 (2d Cir. 2009) ....................................................................... 5

*Nimely v. City of New York*,
414 F.3d 381 (2d Cir. 2005) ....................................................................... 10

*Palmieri v. Defaria*,
88 F.3d 136 (2d Cir. 1996) ......................................................................... 1

*Sadler v. Advanced Bionics, LLC*,
11 Civ. 450, 2013 WL 1340350 (W.D. Ky. April 1, 2013) .............................. 15

*Schafer v. Time, Inc.*,
142 F.3d 1361 (11th Cir. 1998) .................................................................. 8

*SEC v. Morelli*,
No. 91 Civ. 3874 (LAP), 1993 WL 603275 (S.D.N.Y. Dec. 21, 1993) ............................ 7

*Shatkin v. McDonnell Douglas Corp.*,
727 F.2d 202 (2d Cir. 1984) ....................................................................... 2

*Spin Master, Ltd. v. Zobmondo Entertainment, LLC*,
Nos. CV 06-3459 ABC, CV 07-0571 ABC, 2012 WL 8134012
(C.D. Cal. Apr. 27, 2012) ........................................................................... 14

*Taylor v. Evans*,
No. 94 Civ. 8425 (CSH), 1997 WL 154010 (S.D.N.Y. Apr. 1, 1997) ............................ 10

*United States v. Bess*,
593 F.2d 749 (6th Cir. 1979) ...................................................................... 14

*United States v. Bifulco*,
127 F. App'x 548 (2d Cir. 2005) .................................................................. 3

*United States v. Corr*,
543 F.2d 1042 (2d Cir. 1976) ...................................................................... 2

*United States v. Johnson*,
   130 F.3d 1352 (9th Cir. 1997) ...................................................................... 12

*United States v. Millar*,
   79 F.3d 338 (2d Cir. 1996) .......................................................................... 12

*United States v. Morris*,
   568 F.2d 396 (5th Cir. 1978) ....................................................................... 15

*United States v. Rybicki*,
   287 F.3d 257 (2d Cir. 2002) ...................................................................... 3, 4

*United States v. Scop*,
   846 F.2d 135, *modified*, 856 F.2d 5 (2d Cir. 1988) ..................................... 10

*United States v. Tokash*,
   282 F.3d 962 (7th Cir. 2002) ......................................................................... 2

## STATUTES

12 U.S.C. § 1833a(c)(2) .................................................................................. 11

## RULES AND REGULATIONS

Fed. R. Civ. P. 30(b)(6) .................................................................................. 16

Fed. R. Civ. P. 32(a)(3) .................................................................................. 16

Fed. R. Evid. 104 ............................................................................................. 1

Fed. R. Evid. 401 ..................................................................................... *passim*

Fed. R. Evid. 402 ..................................................................................... *passim*

Fed. R. Evid. 403 ..................................................................................... *passim*

Fed. R. Evid. 404 ....................................................................................... 7, 8

Fed. R. Evid. 405 .......................................................................................... 7

Fed. R. Evid. 608 .......................................................................................... 8

Fed. R. Evid. 701.................................................................................................................10

Fed. R. Evid. 802.................................................................................................................17

## PRELIMINARY STATEMENT

Plaintiff the United States of America (the "Government") by its attorney, Preet Bharara, United States Attorney for the Southern District of New York, respectfully submits this pretrial memorandum of law in support of its motion *in limine* to exclude certain evidence that it expects defendants Countrywide Financial Corporation, Countrywide Home Loans, Inc., Countrywide Bank, FSB ("Countrywide Bank") (collectively, "Countrywide"), Bank of America Corporation ("BAC"), Bank of America, N.A. ("BANA") (collectively, "Bank of America," and together with Countrywide, the "Bank Defendants"), and/or Rebecca Mairone (together with the Bank Defendants, the "Defendants") will offer at the trial of this action.

The Government expects that Defendants may seek to introduce a variety of evidence at trial that should be excluded, including evidence regarding: causation; the Government's knowledge of or participation in settlement discussions between the Bank Defendants and the Federal National Mortgage Association ("Fannie Mae"); the Bank Defendants' character for honesty and truthfulness; indemnification agreements with BAC; allegations or legal theories not pursued by the Government at trial; and opinions of counsel.  In addition, Defendants may seek to use videotaped deposition clips during opening statements and closing arguments.  As set forth below, the Court should preclude Defendants from introducing such evidence at trial.

## ARGUMENT

"The purpose of an *in limine* motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996) (internal quotation marks omitted); *see also Highland Capital Mgmt., L.P. v. Schneider*, 379 F. Supp. 2d 461, 467 (S.D.N.Y. 2005); *see generally* Fed. R. Evid. 104.  *In limine* motions therefore serve the salutary goal of "streamlin[ing] trials and

settl[ing] evidentiary disputes in advance." *United States v. Tokash*, 282 F.3d 962, 968 (7th Cir. 2002).

The Court may rely on the Federal Rules of Evidence ("Rules") and its own broad discretion in determining whether or not to exclude certain evidence at trial. *Shatkin v. McDonnell Douglas Corp.*, 727 F.2d 202, 207 (2d Cir. 1984); *United States v. Corr*, 543 F.2d 1042, 1051 (2d Cir. 1976). Ordinarily, evidence is admissible so long as it is relevant, meaning that it has "any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action," Fed. R. Evid. 401, and not otherwise barred under the Rules, Fed. R. Evid. 402. The proponent of the evidence, however, bears the burden of proving that it is admissible. *See Evans v. Port Auth. of New York & New Jersey*, 192 F. Supp. 2d 247, 263 n.121 (S.D.N.Y. 2002) ("The burden of establishing admissibility, of course, is with the proponent of the evidence.").

## I.     MOTION *IN LIMINE* NUMBER ONE: TO EXCLUDE EVIDENCE AND ARGUMENTS REGARDING CAUSATION

The Government moves, pursuant to Rules 401, 402, and 403 of the Federal Rules of Evidence, to preclude Defendants from presenting evidence or argument that non-HSSL loans outperformed HSSL loans with respect to delinquency or defect rate. Because the law is clear that the Government need not prove that Defendants' scheme to defraud caused actual economic or pecuniary harm to the GSEs, any evidence or argument that the quality of HSSL loans was as high as non-HSSL loans is irrelevant, and would result in unfair prejudice, confusion of the issues, misleading the jury, and waste of time.

In their brief in support of summary judgment, the Bank Defendants argue that their alleged misrepresentations were not material because "the quality of HSSL loans was at least as high as like loans not alleged to be part of any scheme." Dkt. 132, Bank. Def. Br. at 25.

2

Accordingly, the Bank Defendants argue, "details of the HSSL process did not bear on the 'ultimate value of the transaction[s]' between Countrywide and the GSEs." *Id.* (alteration in original). This argument misconstrues the applicable legal standard. Countrywide represented that the HSSL loans were investment quality, even though Countrywide knew that the loans had unacceptably high Severely Unsatisfactory ("SUS") rates and FSL employees in early 2008 blamed the HSSL for "quality undermin[ing] FSL." *See* Dkt. 140, Nawaday Decl. Ex. DF (Mar. 13, 2008 Email from Patrick Aliano) BANA-SDNY-E-000039008-12 at BANA-SDNY-E-000039008. These were material misrepresentations. *See Assured Guar. Mun. Corp. v. Flagstar Bank, FSB*, 920 F. Supp. 2d 475, 479, 483-84 (S.D.N.Y. 2013) (contractual representations and warranties that, *inter alia*, mortgage loans were originated in good faith and in accordance with applicable underwriting guidelines were material). That non-HSSL loans may have performed even *worse* than HSSL loans does not negate the materiality of Defendants' misrepresentations with respect to the HSSL loans and immunize Defendants from liability for fraud.

At bottom, the Bank Defendants' argument is that the HSSL process had no "independent value" to the GSEs—a roundabout way of saying that the HSSL did not harm the GSEs because HSSL loans performed similarly to non-HSSL loans. This is not a materiality argument; instead, it is a causation argument masquerading as a materiality argument. The law is settled that the Government need not prove that Defendants' fraudulent conduct vis-à-vis the HSSL caused actual harm to the GSEs. *See United States v. Bifulco*, 127 F. App'x 548, 550 (2d Cir. 2005) (Government need not show scheme to defraud caused harm); *see also United States v. Rybicki*, 287 F.3d 257, 259-60 (2d Cir. 2002). As the Second Circuit has explained: "it was well-settled law both before and after *McNally* [*v. United States*, 483 U.S. 350 (1987)] that the government does not have to establish that a scheme to defraud was successful or resulted in any actual harm

to the victim. . . . Rather, the only significance in a fraud case of proof of actual harm befalling the victim as a result of the scheme is that it may serve as circumstantial evidence from which a jury could infer the defendant's intent to cause harm." *Rybicki*, 287 F.3d at 262 (citations omitted).   Because all evidence and argument relating to the performance or quality of non-HSSL loans is irrelevant under Rule 401, it is inadmissible under Rule 402.

While the Court has suggested that Bank Defendants will use evidence regarding the performance of non-HSSL loans in support of their defense regarding intent, *see, e.g.*, Transcript of Argument on Motions for Summary Judgment (Aug. 13, 2013) ("S.J. Tr.") at 33:1-19, any probative value that such evidence could have is substantially outweighed by the danger that it will mislead the jury into believing that the Government must prove causation and that the Government cannot establish the existence of fraud with respect to the HSSL loans if they performed similarly to non-HSSL loans.  This would unfairly prejudice the Government and confuse the issues to be tried.  Accordingly, even if relevant, the Court should preclude the evidence under Rule 403.

## II.     MOTION *IN LIMINE* NUMBER TWO: TO EXCLUDE EVIDENCE REGARDING THE GOVERNMENT'S KNOWLEDGE OF OR PARTICIPATION IN SETTLEMENT DISCUSSIONS BETWEEN THE BANK DEFENDANTS AND FANNIE MAE

The Government moves pursuant to Rules 402 and 403 to exclude any evidence regarding the Government's purported knowledge of or participation in settlement discussions between the Bank Defendants and Fannie Mae related to certain outstanding loan repurchase demands.

In their motion for summary judgment, Defendants posited that a "material fact" in this matter is their allegation that the Government "recognizing that the [2013 loan repurchase settlement between Fannie Mae and Countrywide] threatened its ability to bring this case, . . .

4

tried to prevent Fannie from entering into the settlement and resolving all outstanding repurchase demands.  They requested that Fannie exclude or 'carve out' loans originated through the HSSL process from the settlement because those loans were part of the instant litigation."  Bank Defendants' Local Rule 56.1 Statement, Dkt. No. 131, ¶ 160.  The Bank Defendants also identified AUSA Pierre Armand in their fifth amended Fed. R. Civ. P. 26(a)(1) initial disclosures as a witness likely to have discoverable information "regarding the United States Attorney's Office's knowledge of, involvement in, and efforts to influence Defendants' settlement negotiations with Fannie Mae," and listed AUSA Armand in their Fed. R. Civ. P. 26(a)(3) pretrial disclosures as a witness that may be called at trial.  Because testimony or evidence on this topic would be irrelevant to the issues to be tried, create undue delay, and waste time, the Government moves *in limine* to exclude such evidence.[1]

"Irrelevant evidence is not admissible," Fed. R. Evid. 402, and evidence is only relevant when "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action," Fed. R. Evid. 401. Whether the Government knew of or participated in settlement discussions between the Bank Defendants and Fannie Mae simply has no bearing on the only issue to be tried—whether any of the Defendants committed mail or wire fraud that affected a federally insured financial institution.  The settlement agreement to which Defendants refer in their summary judgment

---

[1]      Eliciting such irrelevant evidence through the testimony of one of the Assistant United States Attorneys of record in this case would also unfairly prejudice the Government should the Defendants strategically attempt to have AUSA Armand disqualified from the case on that basis. *See* New York Rules of Professional Conduct, Rule 3.7(a) ("A lawyer shall not act as advocate before a tribunal in a matter in which the lawyer is likely to be a witness on a significant issue of fact . . . .").  As the Second Circuit has noted, Rule 3.7 "lends itself to opportunistic abuse." *Murray v. Metro. Life Ins. Co.*, 583 F.3d 173, 178 (2d Cir. 2009).  Any "tactical use of motions" by Defendants to disqualify the Government's counsel here must be subject to "fairly strict scrutiny."  *Id.* (quoting *Lamborn v. Dittmer*, 873 F.2d 522, 531 (2d Cir. 1989)).

statement was signed in January 2013, over five years after the fraud in this case was alleged to have occurred.  If the Government, as Defendants surmise, requested that HSSL loans be carved out of the Bank Defendants' 2013 settlement agreement with Fannie Mae, that fact does not make it more or less probable that any of one the Defendants defrauded the GSEs in 2007 and 2008 by selling them loans that came through the HSSL process with misrepresentations about their quality.  Accordingly, evidence regarding the Government's purported knowledge of or participation in such settlement discussions does not satisfy Rule 401's requirements for relevancy and should not be admitted.

Moreover, even if this evidence could be construed as relevant—which it cannot—it should be excluded because any possible probative value it could have is "substantially outweighed by a danger of . . . undue delay [and] wasting time."  Fed. R. Evid. 403.  Introducing evidence and calling a separate witness, whose testimony would relate solely to the Government's knowledge of or participation in discussions that took place between the Bank Defendants and Fannie Mae years after the events alleged in the complaint and not to any other issue to be tried, would serve only to lengthen a trial that already promises to be weeks long.  This unnecessary delay would in no way assist the jury in its duty to assess Defendants' liability under FIRREA and accordingly substantially outweighs any value the evidence could have.

III.   **MOTION *IN LIMINE* NUMBER THREE: TO EXCLUDE EVIDENCE CONCERNING THE BANK DEFENDANTS' EMPLOYEES' CHARACTER FOR TRUTHFULNESS AND HONESTY**

The Government moves, pursuant to Rules 401, 402, 403, 404(a), and 608 of the Federal Rules of Evidence, to preclude Defendants from presenting evidence or argument concerning the character for truthfulness or honesty of any individual, including Countrywide employees.

The Bank Defendants elicited testimony from certain witnesses during depositions that certain Countrywide employees were "honest" or trying to "do the right thing."  *See, e.g.,*

O'Donnell Tr. 14:6-11 ("Q: Now with respect to Mr. Kitashima, do you think he is an honest man? A: Yes.  Q: Do you think Mr. Kitashima always intended to do the right thing? A: I think so."); 15:17-23 (same questions with respect to Greg Lumsden); 16:18-23 (Mark Barnett); 19:3-9 (Anson Gong); 19:12-17 (Javier Jaraba); 21:16-18 (James White); 21:22-22:3 (Steve Brent); Sobczak Tr. 61:17-23 ("Q: By the way, did you view Cindy to be an honest person?  A: Yes.  Q: Did you ever believe she was hiding anything from you or trying to pull the wool over Fannie Mae's eyes?  A: No, not at all."); 61:24-62:4 (Nancy Bush); 206:10-13 (David Battany).  This opinion testimony is quintessential character evidence.  *See* Fed. R. Evid. 405(a) (character may be proven by testimony about a person's reputation or opinion testimony).  Defendants should be precluded from presenting all such character evidence to the jury.

Rule 404(a) provides that "[e]vidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Fed. R. Evid. 404(a)(1).  There are exceptions to this prohibition pertaining to evidence of a pertinent trait of a defendant or victim, but those exceptions apply only to criminal cases.  *See* Fed. R. Evid. 404(a)(2).[2]  The only exception applicable to civil cases pertains to the credibility of witnesses, such as evidence concerning a witness's character for truthfulness or untruthfulness, and criminal convictions.  Such evidence is admissible as provided in Rules 607, 608, and 609.  *See* Fed. R. Evid. 404(a)(3); 2 *Weinstein's Fed. Evid.* § 404.2[2] (2013).

In this civil FIRREA action, Rule 404(a)(1) prohibits Defendants from eliciting opinion testimony concerning the honesty or truthfulness of bank employees in order to demonstrate that

---

[2]      That the predicate offenses to establish Defendants' liability under FIRREA are found in Title 18 of the United States Code does not transform this lawsuit into a criminal case.  *See SEC v. Morelli*, No. 91 Civ. 3874 (LAP), 1993 WL 603275, at *1 (S.D.N.Y. Dec. 21, 1993) (finding that despite allegations of criminal conduct, defendants were not permitted to introduce evidence of their good character under Rule 404 in a civil insider trading case under Section 10(b) of the Securities Exchange Act of 1934 (the "1934 Act")).

those employees acted honestly or truthfully in dealing with Fannie Mae or Freddie Mac, or in connection with the HSSL.  Such evidence would be admissible if those character traits were "significant as an element of a crime, claim, or defense," *Weinstein*, cited *supra*, § 404.10[2], but here, the bank employees' character for truthfulness or honesty is not an element of any of the Government's claims.  *See Schafer v. Time, Inc.*, 142 F.3d 1361, 1371 (11th Cir. 1998) ("Character evidence does not constitute an 'essential element' of a claim or charge unless it alters the rights and liabilities of the parties under the substantive law."); *Morelli*, 1993 WL 603275, at *1 (granting SEC's motion *in limine* to preclude evidence of defendants' character for truthfulness and honesty in illegal insider trading action under section 10(b) of 1934 Act).  Evidence of any bank employee's character for truthfulness or honesty thus is inadmissible.

　　To the extent Defendants wish to introduce evidence concerning a *witness's* character for truthfulness or honesty to bolster that witness's credibility, Rule 608 governs the analysis.  *See* Fed. R. Evid. 404(a)(3); *Weinstein*, cited *supra*, § 405.02[2].  Rule 608 permits reputation and opinion testimony concerning a witness's character for truthfulness or untruthfulness under certain circumstances.  Of course, "evidence of truthful character is admissible only after the witness's character for truthfulness has been attacked."  Fed. R. Evid. 608(a).  Accordingly, until the Government attacks the truthfulness of any witness, Defendants may not introduce evidence of that witness's truthful character.

　　Finally, even if the foregoing character evidence were admissible under Rule 404(a), it should be precluded under Rules 401, 402, and 403.  As stated above, the bank employees' character for honesty or dishonesty is not an element of the Government's FIRREA claims in this civil action.  Nor is it a defense to those claims.  The evidence is therefore irrelevant under Rule 401 and should be precluded under Rule 402.  Moreover, the evidence's probative value, if

any, is substantially outweighed by the danger of unfair prejudice, misleading the jury, and confusion of the issues.  Put simply, the jury should not be misled into believing that opinion testimony concerning an individual's character for honesty or truthfulness, even with a proper foundation under Rule 701, has any bearing on that individual's actions with respect to the HSSL.  The evidence thus should be precluded under Rule 403.

## IV.  MOTION *IN LIMINE* NUMBER FOUR: TO EXCLUDE OPINION TESTIMONY BY LAY WITNESSES CONSISTING OF LEGAL CONCLUSIONS

The Government moves, pursuant to Rules 401, 402, 403 and 701 to preclude Defendants from presenting lay witnesses' opinions consisting of legal conclusions including, *e.g.*, opinions regarding the fraudulent intent of Bank Defendant employees or whether certain conduct constitutes fraud.

Throughout depositions, Defendants attempted to elicit testimony from witnesses that would consist of legal conclusions regarding intent and fraud.  *See, e.g.*, O'Donnell Tr. 158:16-17 ("Q: [Comeaux's] struggle was not fraud though was it?"), 177:23 ("Q: It is not fraud, right?"), 285:23-25 ("Q: And your group did not have any fraudulent intent related to the sprint incentive did it?"); Boland Tr. 183:23-184:3 ("Q: Was it your impression that people at Full Spectrum Lending never intended to defraud the GS[E]s? . . . A: I would be speculating as what they intended to do."); Cannon Tr. 191:15-20 ("Q: Is there anyone at Full Spectrum who you would identify as having bad intent—as having the intent to defraud—to trick the Government at any time you knew them?  . . . A: No."), 194:9-14 ("Q: Mr. Cannon, do you have any reason to believe that any of the individuals that we just discussed that were involved in the design of the High Speed Swim Lane intended to design a process for the purpose of selling bad loans? A: No."); Thomas Tr. 212:21-23 ("Q: You would have never participated in anything that you thought was a fraud on Fannie and Freddie Mac, would you?");

Defendants should be precluded from presenting any evidence derived from such questions because it is a "bedrock principles of evidence law" that witnesses are prohibited "from testifying in the form of legal conclusions." *Cameron v. City of New York*, 598 F.3d 50, 54 (2d Cir. 2010).  Neither "expert nor lay witnesses may present testimony in the form of legal conclusions." *Davis v. City of New York*, --- F. Supp. 2d ----, 2013 WL 2298165, at \*4 (S.D.N.Y. May 24, 2013) (internal quotations omitted); *accord Taylor v. Evans*, No. 94 Civ. 8425 (CSH), 1997 WL 154010, at \*2 (S.D.N.Y. Apr. 1, 1997) (affirming exclusion of testimony because "musings as to defendants' motivations would not be admissible if given by any witness—lay or expert"); *see also Cameron*, 598 F.3d at 62, n.5 (noting that while the cases excluding testimony consisting of legal conclusions "have focused on expert witnesses . . . . the impropriety of allowing a lay witness to testify in the form of a legal conclusion is all the clearer").  Here, the jury must decide whether the Defendants committed mail or wire fraud with the requisite intent, and a witness's opinion on those issues "'undertakes to tell the jury what result to reach, and thus attempts to substitute the [witness's] judgment for the jury's.'" *Id.* at 62 (quoting *Nimely v. City of New York*, 414 F.3d 381, 397 (2d Cir. 2005)).

Rule 701 only permits opinion testimony by lay witnesses when it is rationally based on the witness's perception, helpful to understanding testimony or determining a fact in issue, and not based on specialized knowledge.  Fed. R. Evid. 701(a)-(c).  Witness's conclusory testimony regarding intent or the existence of fraud does not satisfy these criteria because it is not helpful to the jury's *fact*-finding duty.  *See United States v. Scop*, 846 F.2d 135, 139-42, *modified*, 856 F.2d 5 (2d Cir. 1988) (witness's statements concerning "manipulation," existence of "scheme to defraud," and "fraud" "could not have been helpful to the jury in carrying out its legitimate functions"); *LaSalle Bank Nat. Ass'n v. CIBC Inc.*, No. 08 Civ. 8426 (WHP) (HBP), 2012 WL

466785, at *7 (S.D.N.Y. Feb. 14, 2012) (a witness may not "testify as to facts not within his personal knowledge, and may not opine as to a party's state of mind, whether a party acted in bad faith, or as to the credibility of witnesses").

Even if lay witness opinion testimony about intent or the existence of fraud were admissible under Rule 701, it should be precluded as irrelevant and because any probative value it could have is substantially outweighed by the danger of unfair prejudice, misleading the jury, and confusion of the issues under Rules 401, 402, and 403. A witness's opinion as to the existence of fraud or fraudulent intent has no bearing on whether the facts presented to the jury prove such fraud or intent. The evidence is therefore irrelevant under Rule 401 and should be precluded under Rule 402. Moreover, such opinion testimony, even if marginally relevant, risks unfair prejudice because it encourages the jury to render a verdict based on a subjective belief "unrelated to the merits of the case," and should be excluded under Rule 403. *Henry v. Wyeth Pharm., Inc.*, 616 F.3d 134, 150 (2d Cir. 2010). Such testimony would also mislead the jury and confuse the issues at trial by suggesting that subjective opinions regarding fraud should replace the jury's function of evaluating the facts demonstrating fraud.

## V. MOTION *IN LIMINE* NUMBER FIVE: TO EXCLUDE EVIDENCE CONCERNING INDEMNIFICATION AGREEMENTS WITH BAC

The Government moves, pursuant to Rules 401, 402, and 403, to preclude Defendants from presenting evidence, including testimony from Philip Wertz, concerning indemnification agreements between Bank of America, N.A. ("BANA") and Bank of America Corporation ("BAC") and arguing that those agreements demonstrated that BANA was not "affect[ed]" by the alleged fraud for purposes of FIRREA. *See* 12 U.S.C. § 1833a(c)(2) (FIRREA is violated, *inter alia*, when person engages in mail or wire fraud "affecting a federally insured financial institution").

11

In support of their unsuccessful summary judgment motion, the Bank Defendants argued that the alleged fraud did not "affect" BANA for FIRREA purposes because BAC indemnified BANA for (among other things) repurchases and other losses arising out of loans originated by Countrywide Bank that were sold to the GSEs.  This argument ignored the plain language of the indemnification agreements, which made clear that the trigger for indemnification was an *actual loss* to BANA.  Dkt. 136, Gov't Br. in Opp. to Summary J. at 50 & n.30.  Moreover, at the summary judgment oral argument, the Court clearly signaled that it had rejected Defendants' arguments on this point.  *See* S.J. Tr. at 101:1-12.  Indeed, that view is consistent with the weight of authority.  *See, e.g.*, *United States v. Johnson*, 130 F.3d 1352, 1355 (9th Cir. 1997) (fraud affected bank notwithstanding fact that bank had fully recovered its loss from restitution and its bonding company); *United States v. Millar*, 79 F.3d 338, 346 (2d Cir. 1996) (sentencing guideline enhancement applied even though bank was insured against the loss).

To the extent the Court's view remains unchanged in the forthcoming opinion, the indemnification agreements are entirely irrelevant to the question of whether BANA was "affect[ed]" for purposes of FIRREA.  Accordingly, pursuant to Rules 401 and 402, Defendants should be precluded from presenting evidence concerning the agreements, including the testimony of Philip Wertz (who Defendants have identified as a witness who will testify exclusively regarding the indemnification agreements), and arguing to the jury that the agreements foreclose the possibility that BANA is "affect[ed]" under FIRREA.  Such evidence also should be excluded under Rule 403 because it could confuse and mislead the jury, and result in unfair prejudice in the event the jury accepts the Bank's argument concerning the indemnification argument—the very argument this Court already has rejected.

**VI.     MOTION *IN LIMINE* NUMBER SIX: TO EXCLUDE EVIDENCE REGARDING ALLEGATIONS OR LEGAL THEORIES NOT PURSUED BY THE GOVERNMENT AT TRIAL**

On September 6, 2013, the Government filed, with Defendants' consent, its Second Amended Complaint ("SAC") to reflect the claims that it will pursue at trial.  Dkt. 154. Specifically, the SAC differs from the Government's First Amended Complaint ("FAC") principally in that it revises the alleged timeframe of the HSSL (from the original allegation of August 2007 through 2009, to August 2007 through May 2008), removes allegations related to the effect of the Defendants' alleged fraud on federally insured financial institutions besides Countrywide Bank and BANA, and eliminates the previously dismissed cause of action under the False Claims Act.  *Id.*  Defendants should be precluded from introducing any evidence related to the Government's previous allegations or legal theories that will not be at issue at trial as such evidence would not be relevant, and its use would mislead the jury, confuse the issues, unfairly prejudice the Government's case, and waste time.

At oral argument on their motion for summary judgment, for example, the Bank Defendants several times referenced the fact that, after completing fact discovery in this case, the Government revised the time period for which it alleges that the HSSL process was in place, which is one of the revisions made in the SAC.  *See, e.g.*, S.J. Tr. 36:5-6; 37:24.  But at trial it will not be the Government's burden to prove (or the jury's job to evaluate) every claim and allegation made in prior versions of its complaint.  The jury will be asked to determine whether the Government has proven that the Defendants defrauded the GSEs through the HSSL process, and the fact that the Government may have previously alleged that the HSSL continued for a longer period of time than the evidence will show at trial is irrelevant to that determination. Similarly, evidence of the Government's previous allegations related to certain federally-insured

financial institutions and its cause of action under the False Claims Act do not satisfy Rule 401's

test for relevancy because those issues will not be tried, and the evidence does not relate to facts

"of consequence in determining the action."  Fed. R. Evid. 401(b).

Any probative value that evidence of the Government's previous claims or allegations

could possibly have is far outweighed by the confusion it would create for the jury.  Introducing

evidence with respect to issues that are not being tried will undoubtedly confuse the jury in its

function of determining the issues that are actually being tried.  There is also a substantial danger

that the jury will be misled into thinking that it must decide whether the Government has proven

a case that it has not brought which will unfairly prejudice the Government.  *See Wyeth Pharm.*,

616 F.3d at 150 (under Rule 403, "'[u]nfair prejudice' is that which might dispose a jury to

render a verdict for reasons unrelated to the merits of the case").  Finally, as this evidence would

not assist the jury in evaluating the actual facts at issue, it will only waste time and create undue

delay.  *See Spin Master, Ltd. v. Zobmondo Entmt, LLC*, Nos. CV 06–3459 ABC, CV 07–0571

ABC, 2012 WL 8134012, at *5 (C.D. Cal. Apr. 27, 2012) (any probative value of a previously

previously pled counterclaim outweighed by the danger of unfair prejudice, confusion, and waste

of time because it was "no longer at issue in this case," would waste time at trial and "would risk

unduly emphasizing this claim and confusing the jury").  Accordingly, the evidence should be

excluded.

## VII.  MOTION *IN LIMINE* NUMBER SEVEN: TO EXCLUDE ANY OPINIONS OF COUNSEL

Defendants should be precluded from arguing personal opinions at trial concerning

(among other things) the Government's motivation or reasons for prosecuting its case.  *See*

*United States v. Bess*, 593 F.2d 749, 753 (6th Cir. 1979) ("An attorney's job arguing a case

before a jury is to persuade that body, based solely on the proof at trial and reasonable inferences

14

that can be deduced therefrom.  This rule applies to both civil and criminal cases and to both defense and prosecuting counsel."); *Dunn v. United States*, 307 F.2d 883, 886 (5th Cir. 1962) ("Opinions of prosecutors or defense counsel are not issues to be submitted to the jury").  An attorney's opinion injects irrelevant information that risks prejudice because a jury could presume that an attorney has superior knowledge of the case.  *See United States v. Morris*, 568 F.2d 396, 401-02 (5th Cir. 1978); *Sadler v. Advanced Bionics, LLC*, 11 Civ. 450 (TBR), 2013 WL 1340350, at *2 (W.D. Ky. April 1, 2013) ("Because personal opinions of counsel are not relevant, the Court will sustain Defendant's Motion to exclude such evidence consistent with . . . the controlling law of this Circuit, and the Federal Rules of Evidence.").

At oral argument on their motion to dismiss, Defendants improperly argued that the Government's lawsuit is "nothing more than an effort by the U.S. Attorney's Office to pile on" a pre-existing dispute between Fannie Mae and Bank of America, which resulted in a settlement of more than $10 billion.  Transcript of Argument on Motion to Dismiss (Apr. 29, 2013) at 64:4-10.  Such argument is nothing more than an improper expression of counsel's opinion designed to prejudice the jury into believing that the Government has some sort of questionable motive in prosecuting its case.  Accordingly, this Court should preclude any statements by counsel that include or imply personal opinions about, *inter alia*, the Government's reasons for pursuing its case.

## VIII.   MOTION *IN LIMINE* NUMBER EIGHT: TO EXCLUDE THE PROPOSED TESTIMONY OF CERTAIN FED. R. CIV. P. 30(b)(6) WITNESSES AT TRIAL

Defendants have identified Marianne Sullivan, Benjamin Tababe, and Christopher Dickerson, respectively, as Fannie Mae, Freddie Mac, and FHFA "30(b)(6) Representatives" who may testify at trial in person or by video.  Defendants should be precluded from presenting such purported 30(b)(6) testimony at trial.

There is no basis for calling a witness at trial pursuant to Fed. R. Civ. P. 30(b)(6), a rule relating solely to depositions. *See Hill v. Nat'l R.R. Passenger Corp.*, No. 88-5277, 1989 WL 87621, at *1 (E.D. La. July 28, 1989) (rejecting plaintiff's attempt to compel a corporation to appear at trial pursuant to a Rule 30(b)(6) subpoena, noting that the rule "specifically applies to the deposition of a corporation"). Rule 30(b)(6) permits a party to name an entity as a *deponent*, not a trial witness, and the entity then designates the person who will testify on topics described with "reasonable particularity." Fed. R. Civ. P. 30(b)(6). Here, Defendants have unilaterally designated witnesses to be the representatives for non-parties in this case and are attempting to have them testify about unspecified topics of Defendants' choosing. While Sullivan, Tanabe, or Dickerson may appear at trial and testify as to their personal knowledge about their respective employers, Defendants are not entitled to deem their testimony to be any more binding on their employers than that of any other Fannie Mae, Freddie Mac, or FHFA witness. *See L-3 Comm'ns Corp. v. OSI Systems, Inc.*, No. 02 Civ. 9144 (PAC), 2006 WL 988143, at *9 n.14 (S.D.N.Y. Apr. 13, 2006) ("'It is true that a corporation is 'bound' by its Rule 30(b)(6) testimony, in the same sense that any individual deposed under Rule 30(b)(1) would be 'bound' by his or her testimony. All this means is that the witness has committed to a position at a particular point in time. It does not mean that the witness has made a judicial admission that formally and finally decides an issue. . . . Evidence may be explained or contradicted.'") (quoting *A&E Prods. Grp., L.P. v. Mainetti USA Inc.*, No. 01 Civ. 10820, 2004 WL 345841, at *7 (S.D.N.Y. Feb. 25, 2004)).

It is also improper to call these witnesses by video because Fed. R. Civ. P. 32(a)(3), which contemplates the use of deposition testimony for agents or designees, applies only to parties to the case. Fed. R. Civ. P. 32(a)(3) ("An adverse party may use for any purpose the deposition of a party who, when deposed, was the party's . . . designee under Rules 30(b)(6)

16

or 31(a)(4).").  Here, neither Fannie Mae, nor Freddie Mac, nor FHFA is a party in this

litigation.  As non-parties, the exception does not apply to the videotaped testimony of

Sullivan, Tanabe, or Dickerson, and their deposition testimony should be excluded pursuant

to Rule 802 as hearsay.  *See L-3 Comm'n*, 2006 WL 988143, at *2 ("L-3 is not the adverse

party with regard to Mr. Meltz's testimony.  Accordingly, at trial, L-3 may only offer

testimony from Mr. Meltz as a fact witness based on his personal knowledge and in

compliance with Federal Rule of Evidence 701.").

## IX.   MOTION *IN LIMINE* NUMBER NINE: TO EXCLUDE VIDEOTAPED DEPOSITION CLIPS DURING OPENING STATEMENTS OR CLOSING ARGUMENTS

Defendants should be precluded from playing any videotaped deposition clips in their

opening statement or closing argument.  Such an opportunity for drilling the testimony into

the jury's heads would not exist for a live witness, as a live witness may not testify

repeatedly.  A videotaped presentation should be treated no differently.  *Hynix*

*Semiconductor Inc. v. Rambus Inc.*, Nos. CV-00-20905 RMW, C-05-00334 RMW, C-06-

00244 RMW, 2008 WL 190990, at *1 (N.D. Cal. Jan. 21, 2008).  In *Rambus*, the court

excluded such testimony during arguments, stating that "[i]f unrestricted, a video deposition

can be shown once in opening, again during trial (at least once), and in closing in the exact

same form.  Repeatedly showing the same few deposition segments seems to exalt the

relevance of those videotaped shreds of evidence over live testimony."  *Id.*  Accordingly, this

Court should preclude Defendants from playing video deposition clips during opening

arguments and closing statements.

**CONCLUSION**

For the foregoing reasons, the Government's omnibus motion *in limine* should be granted

in its entirety.

Dated: New York, New York
          September 10, 2013

                                                    Respectfully submitted,

                                                    PREET BHARARA
                                                    United States Attorney for the
                                                    Southern District of New York

                                    By:     /s/ Carina H. Schoenberger          
                                                    PIERRE G. ARMAND
                                                    JAIMIE L. NAWADAY
                                                    JOSEPH N. CORDARO
                                                    CARINA H. SCHOENBERGER
                                                    ELLEN LONDON
                                                    Assistant United States Attorneys
                                                    86 Chambers Street, 3rd Floor
                                                    New York, New York 10007
                                                    Tel:    (212) 637-2800
                                                    Fax:    (212) 637-2730
                                                    Email: Pierre.Armand@usdoj.gov
                                                                Jaimie.Nawaday@usdoj.gov
                                                                Joseph.Cordaro@usdoj.gov
                                                                Carina.Schoenberger@usdoj.gov
                                                                Ellen.London@usdoj.gov