UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* EDWARD O'DONNELL,<br><br>                      Plaintiff,<br><br>                 – v. –<br><br>BANK OF AMERICA CORPORATION, successor to COUNTRYWIDE FINANCIAL CORPORATION, COUNTRYWIDE HOME LOANS, INC., and FULL SPECTRUM LENDING,<br><br>                      Defendants. | |
| UNITED STATES OF AMERICA,<br><br>                      Plaintiff-Intervenor,<br><br>                 – v. –<br><br>COUNTRYWIDE HOME LOANS, INC., COUNTRYWIDE FINANCIAL CORPORATION, COUNTRYWIDE BANK, FSB, BANK OF AMERICA CORPORATION, BANK OF AMERICA, N.A., and REBECCA MAIRONE,<br><br>                      Defendants. | **Case No. 12-cv-1422 (JSR)**<br><br>ECF Case |

## MEMORANDUM OF LAW IN SUPPORT OF BANK DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE EVIDENCE AND ARGUMENT CONCERNING THE GSEs' CONSERVATORSHIP
### (BANK DEFENDANTS' MOTION *IN LIMINE* NO. 3)

| | |
|---|---|
| Brendan V. Sullivan, Jr.<br>Enu A. Mainigi<br>Malachi B. Jones<br>Williams & Connolly LLP<br>725 Twelfth Street, NW<br>Washington, DC 20005<br>(202) 434-5000<br>*Counsel for Defendants Bank of America Corporation and Bank of America, N.A.* | Richard M. Strassberg<br>William J. Harrington<br>Goodwin Procter LLP<br>The New York Times Building<br>620 Eighth Avenue<br>New York, NY 10018<br>(212) 813-8800<br>*Counsel for Defendants Countrywide Financial Corporation, Countrywide Bank, FSB, and Countrywide Home Loans, Inc.* |

## **TABLE OF AUTHORITIES**

### **FEDERAL CASES**

*Old Chief v. United States*, 519 U.S. 172, 180 (1997)......................................................................4

*United States v. Figueroa*, 618 F.2d 934, 943 (2d Cir. 1980) .........................................................4

*United States v. Gelb*, 881 F.2d 1155, 1163 (2d Cir. 1989)............................................................3

### **OTHER AUTHORITIES**

12 U.S.C. § 1833a......................................................................................................................1

12 U.S.C. § 1833a(a)..................................................................................................................3

12 U.S.C. § 1833a(c)(2)..............................................................................................................1

Fed. R. Evid. 401 .......................................................................................................................2

Fed. R. Evid. 402 .......................................................................................................................2

Fed. R. Evid. 403 .......................................................................................................................4

**INTRODUCTION**

On September 9, 2013, the government amended its complaint to narrow the claims that it originally filed. Defendants consented to the amendment on the government's representation that it intended to streamline its allegations and remove those contentions that the government no longer intends to pursue at trial. Among other things, the new Second Amended Complaint ("SAC") no longer alleges that Defendants "affect[ed] a federally insured financial institution," 12 U.S.C. § 1833a(c)(2), by contributing to the conservatorship of Fannie Mae and Freddie Mac (the "GSEs") and thereby affecting financial institutions that had invested in the GSEs. Now, the government alleges only that the fraud "affected" Countrywide Bank, FSB, and Bank of America, N.A. by virtue of repurchase demands from the GSEs. *See* SAC ¶¶ 140-41.

For no apparent reason, however, the SAC still purports to allege facts about the GSEs' conservatorship. *See id.* ¶¶ 20-28. The conservatorship is no longer relevant to any fact in issue in this case: It is not the basis for any claimed "effect" on a federally insured financial institution, it has no bearing on the alleged offense of mail or wire fraud, and it plays no part in the calculation of a civil penalty. Evidence and argument about the conservatorship would serve only to prejudice Defendants unfairly by suggesting to the jury that the alleged fraud had significant, nationwide consequences when the government has in fact dropped any such allegation, presumably because it does not have the evidence to support it. Such evidence and argument also presents a serious danger of confusing the issues, misleading the jury, unduly delaying resolution of the trial, and wasting time, as Defendants would have to introduce evidence to rebut the implication that they were responsible for the conservatorship.

**BACKGROUND**

The government's original Complaint In Intervention alleged that Defendants were subject to a penalty under FIRREA, 12 U.S.C. § 1833a, because their alleged mail or wire fraud

1

"affected" federally insured financial institutions that invested in the GSEs. *See* Compl.-In-Intervention ¶¶ 130-35. According to the complaint, the alleged fraud derivatively affected those financial institutions because it "contributed to" the GSEs' conservatorship, which in turn caused the financial institution investors to suffer a loss. *Id.* ¶ 135. After Defendants moved to dismiss, the government filed an Amended Complaint alleging that, in addition to the "effect" on GSE investors, the fraud "affected" two Defendants, Countrywide Bank, FSB and Bank of America, N.A., by virtue of the GSEs' demands that they repurchase "defective loans, including HSSL loans." *See* Am. Compl. ¶¶ 151-59.

On September 9, approximately two weeks before trial, the government has yet again amended its complaint. This time, the government has dropped entirely its initial allegation that federally insured financial institutions that invested in the GSEs were derivatively "affected" by the alleged fraud because of the GSEs' conservatorship. The government's only remaining "affects" theory is that the Bank Defendants affected themselves by exposing Countywide Bank, FSB and Bank of America, N.A. to repurchase requests. *See* SAC ¶¶ 140-41.

Although the Second Amended Complaint removes all allegations that Defendants contributed to the GSEs' conservatorship, it still includes many allegations about the conservatorship itself. *See id.* ¶¶ 20-28.

## ARGUMENT

**I.  Evidence or Argument Concerning the GSEs' Conservatorship Should Be Excluded Because It Is Irrelevant.**

"Irrelevant evidence is not admissible," Fed. R. Evid. 402, and evidence is relevant only if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action," Fed. R. Evid. 401. Because the government has dropped from its complaint all allegations that Defendants

2

"affected" federally insured financial institutions that invested in the GSEs, the conservatorship is no longer relevant to this case.

Indeed, the government no longer alleges that Defendants' alleged fraud contributed to, caused, or had any hand whatsoever in the GSEs' conservatorship. While the SAC contains free-floating allegations about what happened to force the GSEs into conservatorship, it draws *no connection* between the conservatorship and Defendants' conduct. Thus, even the government appears to agree that the conservatorship is unrelated and irrelevant to its claims against Defendants in this case.

Lest there be any doubt, the GSEs' conservatorship is not relevant to proving the alleged mail or wire fraud, the required effect on a federally insured financial institution, or any loss to the GSEs for penalty purposes. First, the conservatorship does not show any element of a mail or wire fraud claim, as "pecuniary injury to the victim of the fraud is not required," and in any event the government does not allege that the fraud played any role in bringing about the conservatorship. *United States v. Gelb*, 881 F.2d 1155, 1163 (2d Cir. 1989). Second, the conservatorship is no longer pertinent to showing an "effect" on a federally insured financial institution because the government has abandoned its "derivative effects" theory. Finally, even if the jury were responsible for determining the amount of a civil penalty – which it is not[1] – the conservatorship is not part of the losses that the government claims the GSEs incurred for penalty purposes. The government offers the opinion of Dr. Mason "to calculate losses to the GSEs from the alleged fraud for purposes of assessing civil penalties under [FIRREA]," and Dr. Mason does not mention the conservatorship in his report even once. Second Updated Expert Report of Dr. Joseph R. Mason ¶ 6 (Aug. 23 2013) (Jones Decl. Ex. A). Rather, Dr. Mason

---

[1] The Court, not the jury, determines any civil penalty. *See* 12 U.S.C. § 1833a(a).

purports to calculate losses the GSEs incurred on HSSL loans.[2]  *See id.* ¶¶ 9-10.  The Court should exclude all evidence and argument concerning the GSEs' conservatorship because it does not bear on any fact of consequence in this case.

## II. Evidence or Argument Concerning the GSEs' Conservatorship Should Be Excluded Under Rule 403.

Evidence about the GSEs' conservatorship also presents a substantial "danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, [and] wasting time." Fed. R. Evid. 403.

Defendants would be unfairly prejudiced by evidence of the GSEs' conservatorship because it would imply a connection between the alleged fraud and the conservatorship, when the government no longer alleges *any connection at all* between the two.  The fact of the conservatorship has the capacity to "lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged."  *Old Chief v. United States*, 519 U.S. 172, 180, (1997); *see United States v. Figueroa*, 618 F.2d 934, 943 (2d Cir. 1980).  Introducing evidence of the conservatorship raises the danger that the jury would find Defendants liable because of a perceived effect on the GSEs or to punish Defendants for the conservatorship.

In addition, evidence of the conservatorship would greatly, and unfairly, expand the jury's perception of the impact of the alleged fraud.  According to the government's theory of the case, as presented in the SAC, the only pertinent injuries the alleged fraud caused to the GSEs were losses on the HSSL loans themselves.  Evidence about the conservatorship would greatly expand the case and escalate the jury's perception of the fraud by implying that its effects were

---

[2] In a separate motion, the Bank Defendants have moved to exclude the opinions and testimony of Dr. Mason.  *See* Bank Defendants' Motion *In Limine* To Exclude The Opinions And Testimony Of Dr. Joseph R. Mason (Bank Defendants' Motion *In Limine* No. 16) (filed Sept. 17, 2013).

4

felt nationwide through the reverberations from Fannie Mae's and Freddie Mac's collapse. That expansion would be highly prejudicial to Defendants, and unfairly so. As the government has, after substantial discovery, abandoned its claim that the fraud played a role in the conservatorship, it should not now be permitted to insinuate such a connection.

Evidence of the conservatorship would also unduly risk confusing the issues, misleading the jury about the actual basis of the government's claim, delaying resolution of the trial, and wasting time. If the government were permitted to introduce evidence of the GSEs' conservatorship, Defendants would be entitled to introduce evidence proving that the alleged fraud did not contribute to the conservatorship. That evidence would include, among other things, additional documents and additional fact and expert witnesses. There is a very real danger that the tangential issue of the conservatorship could become a time-consuming debate at trial, misleading the jury to believe that whether or not Defendants caused the conservatorship is relevant as a legal matter to the outcome of this case. The Court should exclude the evidence.

## CONCLUSION

For the foregoing reasons, the Bank Defendants respectfully request that the Court exclude evidence and argument about the GSEs' conservatorship.

Date:   September 17, 2013

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By:  s/Enu A. Mainigi
Brendan V. Sullivan (admitted *pro hac vice*)
Enu A. Mainigi (admitted *pro hac vice*)
Malachi B. Jones (admitted *pro hac vice*)
725 Twelfth Street, N.W.
Washington, DC  20005
Tel: (202) 434-5000
Fax: (202) 434-5029

*Counsel for Defendants Bank of America Corp. and Bank of America, N.A.*


By:  s/Richard M. Strassberg
Richard M. Strassberg
William J. Harrington
Goodwin Procter LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
Tel.: (212) 813-8800
Fax:  (212) 355-3333

*Counsel for Defendants Countrywide Financial Corporation, Countrywide Home Loans, Inc., and Countrywide Bank, FSB*