UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* EDWARD O'DONNELL,<br><br>      Plaintiff,<br><br>     – v. –<br><br>BANK OF AMERICA CORPORATION, successor to COUNTRYWIDE FINANCIAL CORPORATION, COUNTRYWIDE HOME LOANS, INC., and FULL SPECTRUM LENDING,<br><br>      Defendants.<br>UNITED STATES OF AMERICA,<br><br>      Plaintiff-Intervenor,<br><br>     – v. –<br><br>COUNTRYWIDE HOME LOANS, INC., COUNTRYWIDE FINANCIAL CORPORATION, COUNTRYWIDE BANK, FSB, BANK OF AMERICA CORPORATION, BANK OF AMERICA, N.A., and REBECCA MAIRONE,<br><br>      Defendants. | **Case No. 12-cv-1422 (JSR)**<br><br>ECF Case |

**MEMORANDUM OF LAW IN SUPPORT OF BANK DEFENDANTS'
MOTION *IN LIMINE* TO EXCLUDE EVIDENCE AND ARGUMENT
THAT BANK OF AMERICA ENTITIES ENGAGED IN ANY WRONGDOING
(BANK DEFENDANTS' MOTION *IN LIMINE* NO. 4)**

Brendan V. Sullivan, Jr.
Enu A. Mainigi
Malachi B. Jones
Williams & Connolly LLP
725 Twelfth Street, NW
Washington, DC 20005
(202) 434-5000
*Counsel for Defendants Bank of America Corporation and Bank of America, N.A.*

Richard M. Strassberg
William J. Harrington
Goodwin Procter LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
(212) 813-8800
*Counsel for Defendants Countrywide Financial Corporation, Countrywide Bank, FSB, and Countrywide Home Loans, Inc.*

## TABLE OF AUTHORITIES

Fed. R. Evid. 402 ................................................................................................................2

Fed. R. Evid. 403 ................................................................................................................2

"Manhattan U.S. Attorney Sues Bank Of America For Over $1 Billion For Multi-Year
    Mortgage Fraud Against Government Sponsored Entities Fannie Mae And Freddie
    Mac" (Oct. 24, 2012), *available at*
        http://www.justice.gov/usao/nys/pressreleases/October12/BankofAmericanSuit.php..............1

## INTRODUCTION

The government's initial complaint in this case—and its simultaneous press release—trumpeted allegations accusing Bank of America of committing a long-running fraud.  *See* "Manhattan U.S. Attorney Sues Bank Of America For Over $1 Billion For Multi-Year Mortgage Fraud Against Government Sponsored Entities Fannie Mae And Freddie Mac" (Oct. 24, 2012), *available at* http://www.justice.gov/usao/nys/pressreleases/October12/BankofAmericanSuit.php.  Now, approximately two weeks before trial, the government has sought consent to remove from its complaint all allegations against Bank of America.  The government has conceded that, contrary to its original headlining accusations, Bank of America was not involved in any fraud alleged in this case.  The government now alleges that the supposedly fraudulent HSSL process ended on May 21, 2008, *before* Bank of America acquired Countrywide.  *See* Opp. to Mot. for Summ. J. 27 n.9.  It is undisputed that the HSSL process – which is the only fraud alleged in this case – was purely internal to Countrywide's FSL division and that Bank of America had nothing to do with HSSL.  As the government now admits, therefore, it no longer has any claim based on misconduct by any Bank of America entity; its only remaining claim against Bank of America is as a successor-in-interest to Countrywide.

For this reason, the Court should preclude the government from arguing that any Bank of America entity, including Defendants Bank of America Corporation ("BAC") and Bank of America, N.A. ("BANA"), did anything wrong.  Evidence or argument along those lines is entirely irrelevant, as the government admittedly no longer has a claim against Bank of America for its own conduct, and misconduct by Bank of America does not bear on whether Countrywide committed fraud before Bank of America acquired it.  In addition, any suggestion that Bank of America entities committed wrongdoing would be highly prejudicial to Defendants BAC and

1

BANA, as it would create a significant danger that the jury will find them liable for reasons unrelated to their legal status as successors-in-interest.

## ARGUMENT

**I.   Evidence or Argument That Bank of America Did Anything Wrong Is Irrelevant and Should Be Excluded Under Evidence Rule 402.**

Evidence or argument about any wrongdoing by Bank of America entities is irrelevant to any issue remaining in the case.  BAC and BANA did not participate in the HSSL process.  They are sued only as successors-in-interest to Countrywide by operation of law.  Any evidence of wrongdoing by Bank of America entities obviously does not make the Bank of America entities any more or less successors-in-interest to Countrywide.  And such evidence or argument about alleged wrongdoing by Bank of America is not probative of whether Countrywide engaged in a scheme to defraud before Bank of America acquired Countrywide.  According to the government's own allegations, Bank of America did not acquire Countrywide until months after the allegedly fraudulent HSSL process had ended.  No misconduct by Bank of America before or after that time sheds any light on whether Countrywide committed fraud.

**II.   Evidence or Argument That Bank of America Did Anything Wrong Would Be Unfairly Prejudicial and Should Be Excluded Under Evidence Rule 403.**

Because the only potential basis for Bank of America's liability in this action is as a legal successor to Countrywide, any evidence or argument about supposed misconduct by Bank of America would unfairly prejudice BAC and BANA.  Such evidence or argument presents a great danger that the jury will be misled to find the Bank of America entities liable on the basis of something Bank of America supposedly did, instead of considering only their legal status as successors to Countrywide.  In addition, all Defendants would be prejudiced by having to defend against accusations that Bank of America engaged in wrongdoing, because rebutting those accusations would distract from the central liability issues in the case, drain precious time and

resources away from defense of the government's actual claims, and taint other Defendants by association.

Furthermore, Bank of America is also prejudiced by allegations of wrongdoing because it cannot clear its reputation of any unfounded accusations by winning a "not liable" verdict. Rather, the verdict as to the Bank of America entities now depends entirely upon the verdict regarding the Countrywide entities. The Court should not allow the government to further tar the good name and reputation of the Bank of America entities when the government admits that it has no basis for bringing a claim against them for any wrongdoing.

## CONCLUSION

For the foregoing reasons, the Bank Defendants respectfully request that the Court exclude evidence and argument that any Bank of America entities, including Defendants Bank of America Corporation and Bank of America, N.A., engaged in any wrongdoing.

Date:  September 17, 2013

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By: s/Enu A. Mainigi
Brendan V. Sullivan (admitted *pro hac vice*)
Enu A. Mainigi (admitted *pro hac vice*)
Malachi B. Jones (admitted *pro hac vice*)
725 Twelfth Street, N.W.
Washington, DC  20005
Tel: (202) 434-5000
Fax: (202) 434-5029

*Counsel for Defendants Bank of America Corp. and Bank of America, N.A.*

By: <u>s/Richard M. Strassberg</u>
Richard M. Strassberg
William J. Harrington
Goodwin Procter LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
Tel.: (212) 813-8800
Fax: (212) 355-3333

*Counsel for Defendants Countrywide Financial Corporation, Countrywide Home Loans, Inc., and Countrywide Bank, FSB*