UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* EDWARD O'DONNELL,<br><br>                    Plaintiff,<br><br>– v. –<br><br>BANK OF AMERICA CORPORATION, successor to COUNTRYWIDE FINANCIAL CORPORATION, COUNTRYWIDE HOME LOANS, INC., and FULL SPECTRUM LENDING,<br><br>                    Defendants. | |
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff-Intervenor,<br><br>– v. –<br><br>COUNTRYWIDE HOME LOANS, INC., COUNTRYWIDE FINANCIAL CORPORATION, COUNTRYWIDE BANK, FSB, BANK OF AMERICA CORPORATION, BANK OF AMERICA, N.A., and REBECCA MAIRONE,<br><br>                    Defendants. | Case No. 12-cv-1422 (JSR)<br><br>ECF Case |

**MEMORANDUM OF LAW IN SUPPORT OF BANK DEFENDANTS'
MOTION *IN LIMINE* TO EXCLUDE ARGUMENT AND EVIDENCE
ABOUT FRAUD IN SUBPRIME LENDING
(BANK DEFENDANTS' MOTION IN LIMINE NO. 10)**

| | |
|---|---|
| Brendan V. Sullivan, Jr.<br>Enu A. Mainigi<br>Malachi B. Jones<br>Williams & Connolly LLP<br>725 Twelfth Street, NW<br>Washington, DC 20005<br>(202) 434-5000<br>*Counsel for Defendants Bank of America Corporation and Bank of America, N.A.* | Richard M. Strassberg<br>William J. Harrington<br>Goodwin Procter LLP<br>The New York Times Building<br>620 Eighth Avenue<br>New York, NY 10018<br>(212) 813-8800<br>*Counsel for Defendants Countrywide Financial Corporation, Countrywide Bank, FSB, and Countrywide Home Loans, Inc.* |

# **TABLE OF AUTHORITIES**

## **FEDERAL CASES**

*Roda Drilling Co. v. Siegal*, 07-CV-400-GFK-FHM, 2009 WL 1926269 (N.D. Okla. June 29, 2009) ................................................................................................................. 2

*Ricketts v. City of Hartford*, 74 F.3d 1397, 1414 (2d Cir. 1996) ...................................... 2

*United States v. Figueroa*, 618 F.2d 934, 943 (2d Cir. 1980) .......................................... 3

*United States v. Hatfield*, 685 F. Supp. 2d 320, 324 (E.D.N.Y. 2010) ............................. 3

## **OTHER AUTHORITIES**

Fed. R. Evid. 402 ............................................................................................................... 2

Fed. R. Evid. 403 ........................................................................................................... 2, 3

i

## INTRODUCTION

By the government's pleadings and admissions, fraud or misconduct by subprime lenders is not at issue in this case. On the contrary, this case is about the High Speed Swim Lane ("HSSL") process, which Countrywide's Full Spectrum Lending (FSL) division conceived and implemented *after* the collapse of the subprime lending market. The Second Amended Complaint alleges that Countrywide embarked on the HSSL process to originate loans because "the subprime market collapsed" and Countrywide shifted its subprime unit to originating prime loans. Second Am. Compl. ("SAC") at ¶ 3.

Given the scope of the case, there is no reason to introduce allegations of fraud committed by subprime lenders. Nor is there any reason to introduce evidence or arguments about the quality of any subprime loans or the creditworthiness of borrowers who received them. Any evidence the government might seek to introduce is irrelevant and would be unfairly prejudicial to the Bank Defendants.

To be clear, this motion does not seek to exclude evidence about broader economic conditions during the relevant time period in this case, which may well be relevant. This motion merely seeks to exclude evidence or argument about fraud, misconduct, or bad loan quality in the subprime lending market, which has nothing to do with the claims in this case.

## ARGUMENT

**I.      Evidence of Subprime Lending Practices Should Be Excluded Under Rules 402 and 403.**

Any evidence or argument related to misconduct in the subprime lending market in general, or the quality of subprime loans, or the creditworthiness of borrowers who received those loans, is completely unrelated to the issues before the jury in this case. Such evidence

1

would not tend to prove anything about whether the HSSL process was fraudulent.  It therefore is irrelevant and should be excluded under Evidence Rule 402.

In addition, any probative value of such evidence would be "substantially outweighed by a danger of . . . unfair prejudice . . . [or] misleading the jury."  Fed. R. Evid. 403.  If the government were to attempt to introduce evidence related to subprime loan origination practices, it would substantially prejudice defendants by inviting the jury to punish Countrywide for others' misconduct.  In addition, evidence related to the quality of subprime originations might lead the jury to believe that Countrywide's subprime lending is at issue in this case or that the HSSL process originated subprime loans.

A defendant is unfairly prejudiced when evidence tends "to prove some adverse fact not properly in issue" such as "a defendant's propensity to commit crimes."  *United States v. Figueroa*, 618 F.2d 934, 943 (2d Cir. 1980).  Evidence of misconduct unrelated to the fraud alleged does nothing more than invite the jury to make a forbidden inference or attempt to confuse the jury about the type and quality of loans at issue.  The danger is particularly acute here, given widespread sentiment that fraudulent subprime originations triggered the worldwide financial crisis.  *See, e.g.*, *Roda Drilling Co. v. Siegal*, 07-CV-400-GFK-FHM, 2009 WL 1926269 (N.D. Okla. June 29, 2009) (excluding as "unfairly prejudicial" reference to subprime and predatory lending even though plaintiffs' ownership of a large subprime originator and that company's financial condition were relevant to the case).

Allowing such evidence also would pose an unacceptable risk of "confusing the issues [and] misleading the jury."  Fed. R. Evid. 403; *see Ricketts v. City of Hartford*, 74 F.3d 1397, 1414 (2d Cir. 1996) (affirming district court's exclusion of evidence of a defendant's subsequent altercation with a different individual because "a trial within a trial" on the similar event would

"have been more confusing than helpfully probative."). In addition, this evidence would "wast[e] time," Fed. R. Evid. 403, because the parties would be compelled to expend a significant amount of time introducing proof about whether there was fraud in origination of subprime loans by the subprime market. *See, e.g.*, *United States v. Hatfield*, 685 F. Supp. 2d 320, 324 (E.D.N.Y. 2010) ("Finally, conducting a 'mini-trial' as to whether the Defendants lied to the NASDAQ will necessarily result in 'undue delay,' while adducing no evidence concerning whether the Defendants committed the charged crimes.").

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court preclude the government from making any argument or introducing any evidence that purports to show fraud or misconduct in subprime lending or the quality of loans originated by subprime lenders.


Date:  September 17, 2013                                       Respectfully submitted,

                                                                WILLIAMS & CONNOLLY LLP

                                                                By:  s/Enu A. Mainigi
                                                                Brendan V. Sullivan (admitted *pro hac vice*)
                                                                Enu A. Mainigi (admitted *pro hac vice*)
                                                                Malachi B. Jones (admitted *pro hac vice*)
                                                                725 Twelfth Street, N.W.
                                                                Washington, DC  20005
                                                                Tel: (202) 434-5000
                                                                Fax: (202) 434-5029

                                                                *Counsel for Defendants Bank of America Corp. and Bank of America, N.A.*


                                                                By:  s/Richard M. Strassberg
                                                                Richard M. Strassberg
                                                                William J. Harrington

Goodwin Procter LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
Tel.: (212) 813-8800
Fax:  (212) 355-3333

*Counsel for Defendants Countrywide Financial Corporation, Countrywide Home Loans, Inc., and Countrywide Bank, FSB*

4