UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* EDWARD O'DONNELL,<br><br>      Plaintiff,<br><br>     – v. –<br><br>BANK OF AMERICA CORPORATION, successor to COUNTRYWIDE FINANCIAL CORPORATION, COUNTRYWIDE HOME LOANS, INC., and FULL SPECTRUM LENDING,<br><br>      Defendants.| |
| UNITED STATES OF AMERICA,<br><br>      Plaintiff-Intervenor,<br><br>     – v. –<br><br>COUNTRYWIDE HOME LOANS, INC., COUNTRYWIDE FINANCIAL CORPORATION, COUNTRYWIDE BANK, FSB, BANK OF AMERICA CORPORATION, BANK OF AMERICA, N.A., and REBECCA MAIRONE,<br><br>      Defendants. | Case No. 12-cv-1422 (JSR)<br><br>ECF Case |

**MEMORANDUM OF LAW IN SUPPORT OF BANK DEFENDANTS'
MOTION *IN LIMINE* TO PARTIALLY EXCLUDE
EXPERT TESTIMONY OF DANIEL L. McFADDEN, Ph.D
(BANK DEFENDANTS' MOTION *IN LIMINE* NO. 19)**

| | |
|---|---|
| Brendan V. Sullivan, Jr.<br>Enu A. Mainigi<br>Malachi B. Jones<br>Williams & Connolly LLP<br>725 Twelfth Street, NW<br>Washington, DC 20005<br>(202) 434-5000<br>*Counsel for Defendants Bank of America Corporation and Bank of America, N.A.* | Richard M. Strassberg<br>William J. Harrington<br>Goodwin Procter LLP<br>The New York Times Building<br>620 Eighth Avenue<br>New York, NY 10018<br>(212) 813-8800<br>*Counsel for Defendants Countrywide Financial Corporation, Countrywide Bank, FSB, and Countrywide Home Loans, Inc.* |

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Astra Aktiebolag v. Andrx Pharmaceuticals, Inc.*, 222 F. Supp. 2d 423, 488 (S.D.N.Y. 2002) ................................................................................................................................4

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 591 (1993)....................................4

**INTRODUCTION**

To be admissible, proffered expert opinions must address matters at issue in the case. Here, the government has alleged that Countrywide Home Loans, Inc., Countrywide Financial Corporation, and Countrywide Bank, FSB (collectively the "Countrywide Defendants") engaged in a scheme to defraud in which they sold to the GSEs loans, originated through the HSSL process, that were not "investment-quality loans" and did not "compl[y] with GSE requirements." Second Am. Compl. ¶ 7. One of the governments' experts, Ira Holt, purports to have determined whether the loans met these requirements, concluding that loans he terms "materially defective" violated GSE requirements in a material way.[1]

Another of the government's experts, Dr. Daniel L. McFadden, analyzed the loans in Mr. Holt's sample, but chose not to use Mr. Holt's "material defect" findings. Dr. McFadden instead bases his analysis on whether a loan that has one of five types of "defect" that he found correlated with delinquency *regardless of whether the loan complied with underwriting guidelines or not*. Dr. McFadden then analyzed loans having one of these defects (which he previously found to be correlated with delinquency) to ascertain whether the loans have statistically higher delinquency rates.

Dr. McFadden candidly stated in his deposition that he does not know whether the loans he treats as defective for his analysis "violated any contractual or other duty to the GSEs." McFadden Dep. 73:1-6 (Jones Decl. Ex. A); *see also id.* 14:2-9 ("Q. Dr. McFadden, do you have any opinion as to whether the defendants sold materially defective loans to the GSEs? . . . . THE WITNESS: I do not have an opinion on that."). Dr. McFadden's analysis of these loans, therefore, has no bearing on the fraudulent scheme alleged by the government. That "defective"

---

[1] The reliability of Mr. Holt's determination of whether a loan is "materially defective" is the subject of a separate motion in limine.

loans (as defined by Dr. McFadden) may have higher delinquency rates says nothing about the delinquency rates of *loans that were part of the alleged fraud*, which is a different universe of loans. Thus, any testimony he might give relating to "defective" loans could only serve to confuse the jury and should be excluded.

## BACKGROUND

On May 7, 2013 the government first disclosed the Expert Report of Daniel L. McFadden. His report has since been "corrected" and "updated" a number of times, most recently on August 23, 2013. In his report, Dr. McFadden describes his method of performing regression analyses on loan data and on the results of other government experts to determine, among other things, whether "underwriting defects generally lead to higher probabilities of delinquency" for a loan; and whether "underwriting defects and the use of 'loan specialists' lead to higher probabilities of delinquency specifically among HSSL loans." Updated Expert Report of Daniel L. McFadden ¶ 9 (Aug. 23, 2013) (Jones Decl. Ex. B).

Also on May 7, 2013, the government disclosed the Expert Report of Ira H. Holt, Jr.[2] Mr. Holt, proffered as an expert on loan underwriting, reviewed a sample of Countrywide loans,[3] and determined whether each "deviated from the requirements of Fannie Mae's Single Family Selling Guide and Freddie Mac's Single-Family Seller/Servicer Guide and applicable contracts (collectively "the Guidelines") after accounting for any variances to underwriting requirements granted by Fannie Mae or Freddie Mac" as well as whether the loan had "'compensating factors' that might offset the risk caused by any deviations from the Guidelines." Expert Report of Ira H.

---

[2] Mr. Holt's report too has been amended, but the amendments do not affect the issues in this motion. Thus, our citations are to the original Holt report

[3] The government's experts stopped their review of the sample after viewing the results for a part of it. The resultant issues are addressed in a separate motion in limine.

Holt, Jr. 2-3 (May 7, 2013) (Jones Decl. Ex. C). Mr. Holt classified a loan as "materially defective" when "a loan deviated from the applicable Guidelines in a way that materially increased the risk of the loan relative to a loan that complied with the Guidelines, taking into account all potential compensating factors—that is, where the loan should not have been made by an underwriter adhering to the Guidelines." *Id.* at 3. In the course of his work, Mr. Holt identified various loans that had "defects" under the Guidelines, but which he nonetheless determined were "investment quality" loans. *Id.* at 18.

Rather than using Mr. Holt's classifications to determine whether the *materially* defective loans had a greater probability of becoming delinquent, Dr. McFadden created his own category of what he labels "substantively defective" loans. McFadden Rep. ¶¶ 15-18 (Jones Decl. Ex. B). Such loans do not depend on a finding by Mr. Holt that the loan is "materially defective," but instead are loans that have one of five defects Dr. McFadden found to be correlated with an increased probability of delinquency. *Id.* at ¶ 15. Unlike Mr. Holt, Dr. McFadden did not take into account the GSE Underwriting Guidelines, or any potential compensating factors present in any particular loan in determining whether a loan had a "substantive defect." As a result, Dr. McFadden does not know whether or not a loan with one of his substantive defects "could . . . have been sold to the GSEs in accordance with the agreements between the defendants and the GSEs." McFadden Dep. 74:2-7 (Jones Decl. Ex. A). In total, 121 of the 442 loans that Dr. McFadden classified as having substantive defects were classified as "investment quality" by Mr. Holt. Expert Report of Christopher M. James ¶ 85 & Ex. 27 (June 18, 2013) (Jones Decl. Ex. D).

# ARGUMENT

**I.    Dr. McFadden's Analysis of "Substantive Defects" Does Not Relate to the Alleged Fraud and Must Be Excluded.**

Expert evidence that "does not relate to any issue in the case is not relevant and, ergo, non-helpful." *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 591 (1993). Courts have noted that "even if the methodology used by the expert is considered to be reliable, the expert's testimony will nevertheless fail to meet the 'fit' requirement and should be excluded *if the data relied upon by the expert is materially different from the data relevant to the facts of the case*." *Astra Aktiebolag v. Andrx Pharmaceuticals, Inc.*, 222 F. Supp. 2d 423, 488 (S.D.N.Y. 2002), *aff'd sub nom.*, *In re Omeprazole Patent Litig.*, 84 F. App'x 76 (Fed. Cir. 2003) (emphasis added).

Dr. McFadden's analysis of loans with "substantive defects" should be excluded because it does not sufficiently relate to the facts of this case. The government's claim here is that the Countrywide Defendants put in place a process that produced loans that were not "investment-quality" and did not "compl[y] with GSE requirements." Second Am. Comp. ¶ 7. To be relevant, Dr. McFadden would have had to analyze whether a loan that, at a minimum, violated the contractual arrangements between the parties was more likely to become delinquent. He did not do this. Instead, he created his own category of defective loan, based only on whether a characteristic was correlated with delinquency. This category includes loans that Mr. Holt determined were "investment quality." Dr. McFadden admits (as he must) that his approach gives him no insight into whether the loans he classified as having "substantive defects" complied with the contracts. Any analysis he conducted on such loans, therefore, is irrelevant to the facts of the case and would only confuse or mislead the jury. Dr. McFadden's testimony concerning such analysis should be excluded.

## CONCLUSION

Dr. McFadden's analysis and conclusions are not tethered to the facts of this case and therefore are irrelevant. Accordingly, Dr. McFadden's testimony related to the increased delinquency risk associated with loans with substantively defects should be excluded.

Date:  September 17, 2013                                   Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By:  s/Enu A. Mainigi
Brendan V. Sullivan (admitted *pro hac vice*)
Enu A. Mainigi (admitted *pro hac vice*)
Malachi B. Jones (admitted *pro hac vice*)
725 Twelfth Street, N.W.
Washington, DC  20005
Tel: (202) 434-5000
Fax: (202) 434-5029

*Counsel for Defendants Bank of America Corp. and Bank of America, N.A.*


By:  s/Richard M. Strassberg
Richard M. Strassberg
William J. Harrington
Goodwin Procter LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
Tel.: (212) 813-8800
Fax:  (212) 355-3333

*Counsel for Defendants Countrywide Financial Corporation, Countrywide Home Loans, Inc., and Countrywide Bank, FSB*