**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

UNITED STATES OF AMERICA,

Plaintiff,

v.

COUNTRYWIDE FINANCIAL CORPORATION; COUNTRYWIDE HOME LOANS, INC.; COUNTRYWIDE BANK, FSB; BANK OF AMERICA CORPORATION; BANK OF AMERICA, N.A.; and REBECCA MAIRONE,

Defendants.

12 Civ. 1422 (JSR)

**THE UNITED STATES' MEMORANDUM OF LAW IN OPPOSITION TO THE BANK DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE EXPERT TESTIMONY OF IRA H. HOLT, JR**

PREET BHARARA
United States Attorney for the
Southern District of New York
Attorney for the United States
86 Chambers Street – 3rd Floor
New York, N.Y. 10007
Tel. No.: (212) 637-2800
Fax No.: (212) 637-2730

PIERRE G. ARMAND
JAIMIE L. NAWADAY
JOSEPH N. CORDARO
CARINA H. SCHOENBERGER
ELLEN LONDON
Assistant United States Attorneys
-Of Counsel-

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ........ 1

ARGUMENT ........ 2

I. HOLT'S TESTIMONY MEETS THE REQUIREMENTS FOR ADMISSIBILITY UNDER RULE 702 ........ 3

II. THE BANK DEFENDANTS' ARGUMENT FOR EXCLUSION LACKS MERIT ........ 4

CONCLUSION ........ 7

# TABLE OF AUTHORITIES

**CASES** **PAGE**

*Assured Guar. Mun. Corp. v. Flagstar Bank, FSB*,
920 F. Supp. 2d 475 (S.D.N.Y. 2013)....................1, 2, 4, 5

*Borawick v. Shay*,
68 F.3d 597 (2d Cir.1995)....................2

*Daubert v. Merrell Dow Pharm., Inc.*,
509 U.S. 579 (1993)....................2

*In re Fosamax Prods. Liab. Litig.*,
645 F. Supp. 2d 164 (S.D.N.Y. 2009)....................2, 3

*Kumho Tire Co. v. Carmichael*,
526 U.S. 137 (1999)....................2, 3

*McCullock v. H.B. Fuller Co*
61 F.3d 1038 (2d Cir. 1995)....................6

*Nimely v. City of New York*,
414 F.3d 381 (2d Cir. 2005). ....................2

*Zaremba v. Gen. Motors Corp.*,
360 F.3d 355 (2d Cir. 2004)....................2

**FEDERAL RULES**

Fed. R. Evid. 702 ....................2

Plaintiff the United States of America (the "Government") by its attorney, Preet Bharara, United States Attorney for the Southern District of New York, respectfully submits this memorandum of law in opposition to the motion *in limine* of the Bank Defendants to exclude the expert testimony of Ira H. Holt, Jr. ("Holt") from the trial of this action (Bank Defendants' Motion *in Limine* No. 18) ("MIL 18").

## PRELIMINARY STATEMENT

Holt is the Government's underwriting expert. As such, he re-underwrote a representative sample of the loans that Countrywide originated and sold to the GSEs to determine whether they were "materially defective" — that is, whether they deviated from the GSE underwriting guidelines such that a reasonable and prudent underwriter adhering to those guidelines would not have approved them for sale. There is no dispute that Holt is qualified as an expert, or that his analysis is relevant to this case. Moreover, the methodology that Holt used in re-underwriting the loans is reliable. Indeed, it is substantively identical to the underwriting methodology that this Court recently approved in *Assured Guaranty Municipal Corporation v. Flagstar Bank, FSB*, 920 F. Supp. 2d 475, 487-90, 504-08 (S.D.N.Y. 2013). Accordingly, Holt's testimony satisfies the requirements of Federal Rule of Evidence 702 ("Rule 702") and is therefore admissible. *See infra* Point I.

The Bank Defendants counter by arguing that Holt's testimony is unreliable (and therefore inadmissible) because the loans that he classified as materially defective allegedly do not have a higher probability of becoming delinquent than other loans. But this argument is a red herring: whether the materially defective loans in fact have a higher probability of becoming delinquent than some other set of loans is entirely separate from whether, under the GSEs' underwriting guidelines, they should have been sold to the GSEs in the first place. And the latter

issue (*i.e.*, the one to which Holt's testimony relates) is a key element to determining the Bank Defendants' liability. In any event, there is a dispute between the parties' experts as to whether Holt's materially defective loans have a higher probability of becoming delinquent than other loans. Under settled law, this dispute should be resolved by the jury, not by declaring one side's expert testimony inadmissible. *See infra* Point II. For all of these reasons, the Bank Defendants' motion to exclude Holt's testimony should be denied.

## ARGUMENT

Rule 702 governs the admissibility of expert testimony, and "embodies a liberal standard of admissibility." *Nimely v. City of New York*, 414 F.3d 381, 395 (2d Cir. 2005). Indeed, there is a "presumption of admissibility." *Borawick v. Shay*, 68 F.3d 597, 610 (2d Cir.1995).

For expert testimony to be admissible, the witness must be qualified as an expert, the testimony must be reliable, and the testimony must be relevant — that is, it must assist the trier of fact to understand evidence or to determine a fact in issue. Fed. R. Evid. 702; *In re Fosamax Prods. Liability Litig.*, 645 F. Supp. 2d 164, 173 (S.D.N.Y. 2009); *accord Flagstar Bank, FSB*, 920 F. Supp. 2d at 502. The test for reliability is "flexible," *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999); *see Zaremba v. Gen. Motors Corp.*, 360 F.3d 355, 358 (2d Cir. 2004), and "'in accordance with the liberal admissibility standards of the Federal Rules of Evidence, only serious flaws in reasoning or methodology will warrant exclusion.'" *Flagstar Bank*, 920 F. Supp. 2d at 502 (quoting *Fosamax*, 645 F. Supp. 2d at 173).

As the Supreme Court has explained, "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 596 (1993). Therefore, "[i]f an expert's testimony lies within 'the

range where experts might reasonably differ,'" it should be admitted and the fact finder should be allowed to "'decide among the conflicting views of different experts.'" *Fosamax*, 645 F. Supp. 2d at 173 (quoting *Kumho Tire*, 526 U.S. at 153).

## I. HOLT'S TESTIMONY MEETS THE REQUIREMENTS FOR ADMISSIBILTY UNDER RULE 702

Holt reviewed a random sample of 397 loans that Countrywide originated and sold to the GSEs between August 13, 2007 and May 21, 2008 to determine whether any deviated from the requirements of the GSEs' underwriting guidelines and, if so, whether the deviations were material so as to render the loans "materially defective." Corrected Holt Expert Report ("Holt Report") at 1, 3. As defined by Holt, a "materially defective" loan is a loan that "should not have been made by an underwriter adhering to the Guidelines." *Id.* at 3; *see id.* at 35. In other words, a materially defective loan is one that "violated the applicable Guidelines [in a way that] materially increased the credit risk of the loan[] in a manner that was not offset by legitimate or sufficiently documented compensating factors." *Id.* at 35-36; *see also id.* at 3 (characterizing a materially defective loan as one that "deviated from the applicable Guidelines in a way that materially increased the risk of the loan relative to a loan that complied with the Guidelines, taking into account all potential compensating factors"). Holt classified the 397 loans either as materially defective or investment quality. *See id.* at 18. Based on his review of the loans, Holt ultimately concluded that 52.9% of the loans were materially defective, and that 53.9% of the subset of the loans that comprised "HSSL loans" were materially defective. *Id.* at 4. At trial, Holt will testify as to these conclusions and the methodology he used to arrive at the conclusions.

There is no basis under Rule 702 to exclude Holt's testimony. The Bank Defendants have not challenged Holt's qualifications as an expert or the relevance of his testimony. Nor can Holt's testimony be characterized as unreliable. Holt adequately structured and properly

supervised the review and classification process for the 397 loans, *see* Holt Report at 15-19; the review and classification process was based largely on objective criteria, such as whether the required documentation was in the loan files, whether particular data points were calculated correctly, and whether accurate information was entered into the relevant automated underwriting system, *see id.* at 19-33; and to the extent the process required subjective determinations, they were made by Holt using industry-accepted norms and his professional judgment, *see id.*[1]

In short, there is nothing about Holt's methodology to suggest that it is unreliable. In fact, Holt's methodology is substantively identical to the methodology used by the underwriting expert in *Flagstar Bank*, 920 F. Supp. 2d at 487-90, 504-08, whose testimony this Court refused to exclude, *see id.* at 508. If anything, the methodology of the expert in *Flagstar Bank* was less exacting than Holt's. *See id.* at 488-89, 507 (discussing the *Flagstar* expert's "limited" oversight of her underwriting team, and the fact that the fraud review was contracted out to a third-party vendor).

## II. THE BANK DEFENDANTS' ARGUMENT FOR EXCLUSION LACKS MERIT

Although the Bank Defendants contend that Holt's methodology is unreliable, they do not actually discuss any of its aspects. Instead, the Bank Defendants argue that the methodology must be unreliable — and Holt's testimony should therefore be excluded — because a series of regression models have purportedly shown that the loans that he classified as materially defective in fact are not more likely to become delinquent than other loans. MIL 18 at 4-7. This argument fails for at least two independent reasons.

[1] To the extent the Bank Defendants are asserting that Holt's methodology is unreliable because it involved subjective determinations, *see* MIL 18 at 1, their assertion fails. *See Flagstar Bank*, 920 F. Supp. 2d at 505 (rejecting a motion to exclude the testimony of an underwriting expert based in part on the subjectivity of her analysis, and recognizing that, "[i]nevitably, . . . the opinion of any [underwriting] expert . . . involves a degree of subjectivity").

*First*, in evaluating whether the sampled loans were materially defective, Holt determined whether the loans' overall risk profile was such that a responsible underwriter adhering to the GSEs' underwriting guidelines would not have approved them. *See* Holt Report 3, 35-36. Holt did not purport to predict whether the loans he classified as materially defective were more likely to become delinquent than some other set of loans. Therefore, the Bank Defendants' assertion that Holt's "methodology fails to measure what it purports to measure," MIL 18 at 6, is incorrect. Holt's methodology measures precisely what it purports to measure: whether issuing any of the sampled loans constituted a material violation of the GSEs' underwriting guidelines. Moreover, whether or not regression models show that the loans that Holt classified as materially defective were in fact more likely to become delinquent than some other set of loans is beside the point. Whatever the models show, they have no bearing on whether the overall risk profile of the materially defective loans was such that they should not have been issued in the first place. And that latter issue is not only relevant to this case, but is determinative of the Bank Defendants' liability. *See Flagstar Bank*, 920 F. Supp. 2d at 511 ("Risk of loss can be realized or not; it is the fact that [plaintiff] faced a greater risk than was warranted that [matters for purposes of establishing liability].").

*Second*, there is a dispute between the parties' experts regarding whether the materially defective loans are in fact more likely to become delinquent than other loans. The Bank Defendants' experts (Drs. Christopher James and Robert Hubbard) have concluded that the materially defective loans are not more likely to become delinquent, while the Government's expert (Dr. Charles Cowan) has reached the contrary conclusion. *See* MIL 18 at 5-6. Although the Bank Defendants argue that Dr. Cowan's methodology is flawed, *id.* at 6, that is an issue for the jury to decide; it is not a basis for excluding Dr. Cowan's or Holt's testimony. *See, e.g.*,

*Playtex Prods., Inc. v. Procter & Gamble Co.*, No. 02-8046, 2003 WL 21242769, at *6 (S.D.N.Y. May 28, 2003) (refusing to exclude an expert's testimony and stating that, "[w]hile [defendant's] argument resonates with the Court, the reliability and credibility of an alternate method of determining [damages] is an issue ripe for jury consideration"), *aff'd*, 126 Fed. Appx. 32, 35 (2d Cir. 2005); *McCullock v. H.B. Fuller Co.*, 61 F.3d 1038, 1044 (2d Cir. 1995) ("Disputes as to the strength of [the expert's] credentials, *faults in his use of differential etiology as a methodology*, or lack of textual authority for his opinion, go to the weight, not the admissibility, of his testimony." (emphasis added)).

**CONCLUSION**

For the foregoing reasons, the Court should deny the Bank Defendants' motion *in limine* to exclude the expert testimony of Ira H. Holt, Jr.

Dated: New York, New York
September 17, 2013

Respectfully submitted,

PREET BHARARA
United States Attorney for the
Southern District of New York

By: /s/ *Joseph N. Cordaro*
PIERRE G. ARMAND
JAIMIE L. NAWADAY
JOSEPH N. CORDARO
CARINA H. SCHOENBERGER
ELLEN LONDON
Assistant United States Attorneys
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel: (212) 637-2800
Fax: (212) 637-2730
Email: Pierre.Armand@usdoj.gov
Jaimie.Nawaday@usdoj.gov
Joseph.Cordaro@usdoj.gov
Carina.Schoenberger@usdoj.gov
Ellen.London@usdoj.gov