**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| |
|---|
| UNITED STATES OF AMERICA *ex rel.* EDWARD O'DONNELL, |
| Plaintiff, |
| – v. – |
| BANK OF AMERICA CORPORATION, successor to COUNTRYWIDE FINANCIAL CORPORATION, COUNTRYWIDE HOME LOANS, INC., and FULL SPECTRUM LENDING, |
| Defendants. |
| UNITED STATES OF AMERICA, |
| Plaintiff-Intervenor, |
| – v. – |
| COUNTRYWIDE HOME LOANS, INC., COUNTRYWIDE FINANCIAL CORPORATION, COUNTRYWIDE BANK, FSB, BANK OF AMERICA CORPORATION, BANK OF AMERICA, N.A., and REBECCA MAIRONE, |
| Defendants. |

**Case No. 12-cv-1422 (JSR)**

ECF Case

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT**
**REBECCA MAIRONE'S MOTION *IN LIMINE* TO EXCLUDE**
**EVIDENCE OF HER COMPENSATION OR NET WORTH**

Marc L. Mukasey, Esq.
Michael C. Hefter, Esq.
Ryan M. Philp, Esq.
Seth M. Cohen, Esq.
BRACEWELL & GIULIANI LLP
1251 Avenue of the Americas
New York, New York 10020
Tel:  (212) 508-6100
Fax: (800) 404-3970

*Attorneys for Defendant Rebecca Mairone*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES .................................................................................................ii, iii

PRELIMINARY STATEMENT .................................................................................................1

LEGAL STANDARD.................................................................................................................1

ARGUMENT ..............................................................................................................................2

      I.     Mairone's Compensation And Net Worth Are Not Relevant.................................2

      II.    Any Marginal Relevance Would Be Far Outweighed By The Threat Of Prejudice ................................................................................................................6

CONCLUSION............................................................................................................................8

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Adams Lab's, Inc. v. Jacobs Eng'g Co., Inc.*,
  761 F.2d 1218, 1226 (7th Cir. 1985) ..................................................................6

*Brough v. Imperial Sterling Ltd.*,
  297 F.3d 1172, 1178 (11th Cir. 2002) ...............................................................2

*Dowling v.United States*,
  493 U.S. 342, 351 n.3 (1990)..............................................................................1

*Draper v. Airco, Inc.*,
  580 F.2d 91, 95 (3d Cir. 1978)...........................................................................7

*ECA, Local 134 IBEW Jt. Pension Trust of Chicago v. JP Morgan Chase Co.*,
  553 F.3d 187, 201 (2d Cir. 2009).......................................................................4

*In re JP Morgan Chase Sec's Litig.*,
  363 F. Supp. 2d 595, 619-22 & n.15 (S.D.N.Y. 2005) ......................................4

*In re WorldCom, Inc. Sec's Litig.*,
  No. 02 Civ. 3288 (DLC), 2005 WL 491399, at *2 (S.D.N.Y. Mar. 3, 2005)...........2

*Kalnit v. Eichler*,
  264 F.3d 131, 139 (2d Cir. 2001).......................................................................4

*Koufakis v. Carvel*,
  425 F.2d 892, 902 (2d Cir. 1970).......................................................................7

*L-3 Commun's Corp. v. OSI Sys's*,
  No. 02 Civ. 9144 (PAC), 2006 WL 988143, at *6 (S.D.N.Y. Apr. 13, 2006)..........2

*Old Chief v. United States*,
  519 U.S. 172, 180 (1997)....................................................................................2

*Reilly v. Natwest Mkts. Group Inc.*,
  181 F.3d 253, 266 (2d Cir. 1999).......................................................................2

*S.Q.K.F.C., Inc. v. Bell Atl. TriCon Leasing Corp.*,
  84 F.3d 629, 633 (2d Cir. 1996).....................................................................2, 3

*Schwartz v. Fortune Magazine*,
  193 F.R.D. 144, 147 (S.D.N.Y. 2000) ...............................................................6

## TABLE OF AUTHORITIES
### (continued)

**Page(s)**

*Shields v. Citytrust Bancorp, Inc.*,
    25 F.3d 1124, 1130 (2d Cir. 1994)........................................................................3

*Sizemore v. Fletcher*,
    921 F.2d 667, 670 (6th Cir. 1990) .......................................................................7

*U1IT4less, Inc. v. FedEx Corp.*,
    896 F. Supp. 2d 275, 290 (S.D.N.Y. 2012)..........................................................3

*United States v. Lauersen*,
    No. S298CR1134 (WHP), 2000 WL 1677931, at *2 (S.D.N.Y. Nov. 8, 2000) ......................2

*United States v. Mitchell*,
    172 F. 3d 1104, 1109 (9th Cir. 1999) ...................................................................6

*United States v. Nachamie*,
    101 F. Supp. 2d 134, 141 (S.D.N.Y. 2000).........................................................2

*United States v. Socony-Vacuum Oil Co.*,
    310 U.S. 150, 239 (1940).................................................................................6, 7

*United States v. Stahl*,
    616 F.2d 30, 32 (2d Cir. 1980)............................................................................7

## RULES

Fed. R. Civ. P. 26(a)(3)................................................................................................1

Fed. R. Evid. 401 ..............................................................................................1, 2, 5, 7

Fed. R. Evid. 403 ..............................................................................................1, 2, 6, 7

Local Civil Rule 56.1 ....................................................................................................4

Defendant Rebecca Mairone respectfully submits this memorandum of law in support of her motion *in limine* to preclude the Government from offering any evidence at trial concerning her compensation or net worth.

## PRELIMINARY STATEMENT

During her deposition, the Government examined Mairone concerning her compensation while she was employed at the Bank Defendants.  *See* Declaration of Michael Hefter in Support of Defendant Rebecca Mairone's Motion *In Limine* to Exclude Evidence of Her Compensation or Net Worth, dated September 10, 2013 ("Hefter Decl.") Ex. 1 (Mairone Dep.) at 20:19-21:17; *id.* at 23:22-24:11 (testimony that Mairone's compensation was approximately $1.2 million per year in each of 2006, 2007 and 2008).  The Government has indicated that it intends to introduce such testimony at trial.  *See* Hefter Decl. Ex. 3 (United States of America's Pretrial Disclosures Pursuant to Rule 26(a)(3) of the Federal Rules of Civil Procedure, dated September 3, 2013) at 11-12 of the Government's Designations of Deposition Testimony.  Evidence concerning Mairone's compensation or net worth is entirely irrelevant to the Government's case against her and is highly likely to cause unfair prejudice by inflaming the passions of the jury and confusing the issues actually relevant to liability.  Accordingly, the Government should be precluded from introducing at trial any evidence concerning Mairone's compensation or net worth pursuant to Rules 401 and 403 of the Federal Rules of Evidence ("Rule 401" and "Rule 403," respectively).

## LEGAL STANDARD

"Relevancy is a threshold inquiry," and irrelevant evidence is inadmissible.  *Dowling v. United States*, 493 U.S. 342, 351 n.3 (1990).  "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."  Rule 401.  Further, even relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of . . . unfair prejudice,

confusing the issues, [or] misleading the jury." Rule 403.  "Unfair prejudice . . . means an undue

tendency to suggest decision on an improper basis."  *United States v. Lauersen*, No.

S298CR1134 (WHP), 2000 WL 1677931, at *2 (S.D.N.Y. Nov. 8, 2000) (citing Rule 403

advisory committee's note).  "Unfair prejudice" in the context of Rule 403 arises from evidence

that may "lure the factfinder into declaring guilt on a ground different from proof specific to the

offense charged."  *United States v. Nachamie*, 101 F. Supp. 2d 134, 141 (S.D.N.Y. 2000)

(quoting *Old Chief v. United States*, 519 U.S. 172, 180 (1997)).

## ARGUMENT

## I.   Mairone's Compensation And Net Worth Are Not Relevant

Courts routinely grant motions *in limine* seeking to preclude the introduction of evidence

concerning a party's net worth or compensation on the ground that such facts are not "of

consequence in determining the action."  Rule 401; *see e.g., L-3 Commun's Corp. v. OSI Sys's*,

No. 02 Civ. 9144 (PAC), 2006 WL 988143, at *6 (S.D.N.Y. Apr. 13, 2006) (in fraud case,

granting motion *in limine* to exclude evidence concerning a party's wealth as "clearly irrelevant"

under Rule 401); *In re WorldCom, Inc. Sec's Litig.*, No. 02 Civ. 3288 (DLC), 2005 WL 491399,

at *2 (S.D.N.Y. Mar. 3, 2005) (granting motion *in limine* to preclude "reference to [party's] net

worth, financial situation, any entity that he owns, and his family's wealth."); *see also Reilly v.*

*Natwest Mkts. Group Inc.*, 181 F.3d 253, 266 (2d Cir. 1999) (evidence of a defendant's wealth is

"generally inadmissible" where the defendant's economic status does not directly establish an

element of the case.);  *Brough v. Imperial Sterling Ltd.*, 297 F.3d 1172, 1178 (11th Cir. 2002)

("The general rule is that, during trial, 'no reference should be made to the wealth or poverty of a

party....'") (citation omitted).

Here, to establish mail and wire fraud liability as against Mairone, the Government must

prove: "(1) the existence of a scheme to defraud, (2) [Mairone's] knowing or intentional

participation in the scheme, and (3) the use of interstate mails or transmission facilities in furtherance of the scheme." *S.Q.K.F.C., Inc. v. Bell Atl. TriCon Leasing Corp.*, 84 F.3d 629, 633 (2d Cir. 1996); *U1IT4less, Inc. v. FedEx Corp.*, 896 F. Supp. 2d 275, 290 (S.D.N.Y. 2012). The facts of Mairone's net worth and compensation are not "of consequence in determining" any of these elements.

The Government likely will respond that Mairone's compensation is of consequence in determining scienter because Mairone participated in the alleged scheme to defraud in order to increase her own compensation. There is absolutely no record evidence to support such an assertion and, thus, the mere possibility that the Government would ask Mairone or any other witness (or introduce documentary evidence) about her compensation or net worth would be wholly irrelevant and highly prejudicial.[1]

In the Amended Complaint of the United States of America, the Government alleged that "Defendant Mairone directed and/or participated in the fraudulent scheme in order to protect FSL's revenues, and, *in turn*, *her own personal compensation* and career advancement, which was based in significant part on boosting loan production volume." ¶ 225 (emphasis added). This conclusory assertion cannot form the basis for the introduction of evidence concerning Mairone's compensation or net worth. The Second Circuit has held unequivocally that in attempting to prove scienter, a plaintiff cannot base its allegations on the generalized proposition that an executive has engaged in certain conduct out of a desire to remain in their current position and "prolong the benefits of the positions they hold." *See Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1130 (2d Cir. 1994). Thus, an allegation of fraudulent intent cannot be

---

[1] Since 2008, Mairone has been an executive at J.P. Morgan Chase. The Government cannot justify any basis for exploring Mairone's compensation or net worth since leaving the Bank Defendants.

supported by evidence of an executive's generalized interest in retaining her current position, maximizing her salary by reaching certain incentives, or increasing corporate profits or market share.  *See ECA, Local 134 IBEW Jt. Pension Trust of Chicago v. JP Morgan Chase Co.*, 553 F.3d 187, 201 (2d Cir. 2009) ("If scienter could be pleaded solely on the basis that defendants were motivated because an inflated stock price or improved corporate performance would increase their compensation, virtually every company in the United States that experiences a downturn in stock price could be forced to defend securities fraud actions.  Incentive compensation can hardly be the basis on which an allegation of fraud is predicated.") (citation and internal quotation marks and alterations omitted); *Kalnit v. Eichler*, 264 F.3d 131, 139 (2d Cir. 2001) (plaintiff cannot base a fraud claim on "the desire to keep stock prices high to increase officer compensation."); *In re JP Morgan Chase Sec's Litig.*, 363 F. Supp. 2d 595, 619-22 & n.15 (S.D.N.Y. 2005) (rejecting plaintiffs' allegation that defendant had requisite scienter based upon the fact that he would receive a $10 million bonus, noting that if "a desire to achieve a bonus[] w[as] sufficient [to allege scienter], then the scienter requirement would have little meaning and non-meritorious strike suits would not be properly deterred.").

Further, the Government's recent conduct in this action demonstrates that it cannot support with evidence its conclusory allegation that Mairone somehow participated in the scheme to defraud in order to increase her own compensation.  In its opposition to Mairone's Motion for Summary Judgment, the Government marshaled and presented all of its supposed evidence that Mairone participated in a scheme to defraud.  But nowhere in the Government's opposition papers – including in its 305 page, 439 paragraph-long Response to the Bank Defendants' Statement of Undisputed Material Facts, and Counterstatement of Additional Facts, Pursuant to Local Civil Rule 56.1 – did the Government mention Mairone's compensation or

-4-

otherwise suggest that Mairone participated in the alleged fraud in order to increase or otherwise protect her wealth or compensation.

Similarly, during Mairone's deposition, the Government did not attempt to establish that Mairone's alleged misconduct was motivated in any manner by a concern for her wealth or compensation.  Instead, counsel merely established the bare facts of her compensation.  *See* Hefter Decl. Ex. 1 (Mairone Dep.) at 20:19-21:17; *id*. at 23:22-24:11.

It is not surprising that the Government did not reference Mairone's compensation in its summary judgment papers or examine Mairone further on this topic during her deposition. Approximately five days prior to Mairone's deposition, Cliff Kitashima, an executive at the same level as Mairone, unequivocally testified that the measures that the Government alleges decreased loan quality did not impact the compensation of senior executives such as himself and Mairone.  *See* Hefter Decl. Ex. 2 (Kitashima Dep.) at 53:14-19 ("I'll also point out that compensation for senior management was not affected as well, meaning that my compensation was not involved in this suspension, nor was anyone above the level of those that were involved in the execution part of the pilot."); *id*. at 145:5-9 ("The compensation plans where quality was a component stayed in place for the vast majority of Full Spectrum employees.  We're talking about just people that were in the processing of loans under High-Speed Swim Lane."); *id*. at 145:14-18 ("My compensation, for example, was also not affected by the suspension.  Nor was Greg, nor was Rebecca's, nor was Wade Como [sic] or anyone else that was above the level of actual working on loans.").

Simply put, there is no basis to conclude that the facts of Mairone's compensation or net worth are, in the language of Rule 401, "of consequence in determining the action" against Mairone.  In turn, the Government should be precluded from offering such evidence at trial.

## II.    Any Marginal Relevance Would Be Far Outweighed By The Threat Of Prejudice

Even if the Court were to determine that Mairone's compensation or net worth is relevant (which it is not), the Government should be precluded from introducing such evidence at trial because "its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, [or] misleading the jury . . . ."  Rule 403.  Evidence is considered unfairly prejudicial when its introduction would cause the jury to rule "on a purely emotional basis," or where the evidence carries "an undue tendency to suggest decision on [any other] improper basis."  Rule 403, advisory committee note.

Courts have held squarely that evidence of a defendant's wealth or compensation may result in unfair prejudice and, therefore, have excluded such evidence from trial.  *See Schwartz v. Fortune Magazine*, 193 F.R.D. 144, 147 (S.D.N.Y. 2000) (unfair prejudice may be found where a jury is "invite[d] ... to make a decision based on emotion or other unfair basis."); *see also United States v. Mitchell*, 172 F. 3d 1104, 1109 (9th Cir. 1999) (evidence of wealth or poverty "is likely to amount to a great deal of unfair prejudice with little probative value"); *Adams Lab's, Inc. v. Jacobs Eng'g Co., Inc.*, 761 F.2d 1218, 1226 (7th Cir. 1985) ("[i]f the wealth and size of a corporation are not at issue, counsel is bound to refrain from making reference to such size and wealth….").

The risk of prejudice is particularly high here in light of the circumstances surrounding this action.  Mairone is the sole individual named by the United States of America in a fraud suit arising out of the mortgage and credit crisis, which by popular, albeit overly simplistic, belief caused the recent recession.  When asked to render judgment in this case, the jury should not be confused, and/or inflamed, by suggestions that Mairone got "rich" while causing others to fall victim to the recession.  This concern is particularly acute here where, in all likelihood, Mairone's salary during the relevant time period drastically exceeded that of the jurors.  Courts

are vigilant against "appeals to class prejudice," *United States v. Socony-Vacuum Oil Co.*, 310 U.S. 150, 239 (1940), and evidence that may "arouse prejudice against [a] defendant because of his wealth," *United States v. Stahl*, 616 F.2d 30, 32 (2d Cir. 1980); s*ee Koufakis v. Carvel*, 425 F.2d 892, 902 (2d Cir. 1970) ("[r]emarks…which can be taken as suggesting that the defendant should respond in damages because he is rich and the plaintiff is poor [] are grounds for a new trial."); *Draper v. Airco, Inc.*, 580 F.2d 91, 95 (3d Cir. 1978) ("Appealing to the sympathy of jurors through references to financial disparity is improper."); *Sizemore v. Fletcher*, 921 F.2d 667, 670 (6th Cir. 1990) ("We fault both the prosecutor's appeals to wealth and class biases, and her statements concerning [appellant]'s consultation with seven attorneys.  These comments were sufficient to create prejudicial error . . . .").

The Court should guard against the risk that evidence of Mairone's salary, including the computation thereof, or her net worth will inflame jurors and lead them to hold her liable based on the magnitude of her compensation or net worth.  Accordingly, the Court should hold that evidence of her compensation or net worth is not only irrelevant under Rule 401, but also inadmissibly prejudicial under Rule 403.

## <u>CONCLUSION</u>

For the foregoing reasons, Mairone respectfully requests that the Court grant her motion *in limine* to preclude the Government from introducing evidence concerning Mairone's compensation or net wealth (including her bonus and the methodology for calculating it).

Date:    September 10, 2013
          New York, New York

                            BRACEWELL & GIULIANI LLP

                            By:   */s/ Michael C. Hefter*
                                     Marc L. Mukasey
                                     Michael C. Hefter
                                     Ryan M. Philp
                                     Seth M. Cohen

                            1251 Avenue of the Americas
                            New York, NY 10020
                            Tel:  (212) 508-6100
                            Fax:  (212) 508-6101

                            *Attorneys for Defendant Rebecca Mairone*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on September 10, 2013, per counsel's agreement, the

foregoing was served via electronic mail on the following counsel:

Pierre G. Armand
Jaimie L. Nawaday
Assistant United States Attorneys
86 Chambers Street, Third Floor·
New York, New York 10007
Tel: (212) 637-2724/2528
Fax: (212) 637-2730
Email: Pierre.Armand@usdoj.gov
Jaimie.Nawaday@usdoj.gov

*Attorneys for the United States of America*

David G. Wasinger
The Wasinger Law Group, P.C.
1401 S. Bren wood Blvd., Ste. 875
St. Louis, MO 63144
Tel: 314-961-0400
Fax: 314-961-2726
dwasinger@wasingerlawgroup.com

*Attorney for Relator Edward O'Donnell*

Brendan V. Sullivan
Enu A. Mainigi
Williams & Connolly LLP
725 12th Street, NW
Washington, D.C. 20005
(202) 434-5000
(202) 434-5029 (fax)
bsullivan@wc.com
emainigi@wc.com

*Attorneys for Defendants Bank of America Corp.
and Bank of America, N.A.*

Richard M. Strassberg
William J. Harrington
Goodwin Procter LLP
The New York Times Building
620 Eight Avenue
New York, NY 10018
Tel.: 212.813.8800
rstrassberg@goodwinprocter.com
wharrington@goodwinprocter.com

*Attorneys for Defendants Countrywide Financial Corporation,*
*Countrywide Homes Loans, Inc., and Full Spectrum Lending*

                                        */s/ Christina A. Jardine*
                                        Christina A. Jardine