**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

UNITED STATES OF AMERICA,

      Plaintiff,

         v.

COUNTRYWIDE FINANCIAL
CORPORATION; COUNTRYWIDE
HOME LOANS, INC.; COUNTRYWIDE
BANK, FSB; BANK OF AMERICA
CORPORATION; BANK OF AMERICA,
N.A.; and REBECCA MAIRONE,

      Defendants.

12 Civ. 1422 (JSR)

ECF Case

<br>

## REQUESTS TO CHARGE OF THE UNITED STATES

<br>

PREET BHARARA
United States Attorney for the
Southern District of New York
Attorney for the United States
86 Chambers Street – 3rd Floor
New York, N.Y.  10007
Tel. No.:  (212) 637-2800
Fax No.:  (212) 637-2730

PIERRE G. ARMAND
JAIMIE L. NAWADAY
JOSEPH N. CORDARO
CARINA H. SCHOENBERGER
ELLEN LONDON
Assistant United States Attorneys
      -Of Counsel-

## TABLE OF CONTENTS

**General Instructions**                                                                 **Page**

1.  General Requests ...........................................................................................1

2.  Burden of Proof............................................................................................2

3.  Deposition Testimony ...................................................................................3

4.  Stipulations of Fact ......................................................................................4

5.  Liability in General .......................................................................................5

6.  Multiple Defendants......................................................................................6

**Specific Instructions**

7.  The Government's Claims under Section 1833a .........................................7

8.  Mail/Wire Fraud: First Element:  Existence of a Scheme to Defraud .......9

9.  Mail/Wire Fraud Second Element: Knowing Participation ......................11

10. Mail/Wire Fraud Third Element:  Use of Wires/Mail ............................15

11. Section 1833a Fourth Element: Effect on a Federally Insured
    Financial Institution .................................................................................18

**Further General Instructions**

12. Corporation's Agents and Employees ......................................................17

13. Conscious Avoidance ................................................................................17

14. No Ultimate Harm Necessary ...................................................................22

15. Negligence of Victim Not a Defense ........................................................23

16. Persons Not on Trial .................................................................................24

17. Uncalled Witness—Equally Available or Unavailable to Both Sides .......25

18. Preparation of Witnesses.................................................................................26

19. Charts and Summaries: Admitted As Evidence ......................................27

20. Charts and Summaries: Not Admitted As Evidence ............................28

**CONCLUSION** .................................................................................................29

## REQUEST NO. 1

### General Requests

The United States respectfully requests that the Court give its usual instructions on the following matters:

a.  Duty of the Court

b.  Duty of the Jury

b.  Duty of Impartiality

c.  Direct and Circumstantial Evidence

d.  Witness Credibility

e.  Expert Testimony

f.   Stipulations

g.  Right to See Exhibits and Hear Testimony; Communications with the Court

h.  Verdict; Need for Unanimity; Duty to Consult

The United States respectfully also requests that the Court include the following in its charge to the jury:

**REQUEST NO. 2**

**Burden of Proof**

The plaintiff here, the United States, is suing the defendants, Countrywide Financial Corporation; Countrywide Bank FSB; Countrywide Home Loans, Inc; Bank of America Corporation; Bank of America, N.A. (collectively, the "Bank Defendants"); and Rebecca Mairone for allegedly violating the Financial Institutions Reform, Recovery, and Enforcement Act, or "FIRREA."  The United States has what we call the "burden of proof," which is the burden of proving the essential elements of that claim by a preponderance of the credible evidence.

The "credible evidence" means such testimony, exhibits, stipulations of the parties, or other evidence that you find worthy of belief.  To establish an element of a claim by a "preponderance" of the credible evidence means to prove that element is more likely true than not true.  It does not mean the greater number of witnesses, or how much time either side employs in the trial. The phrase refers to the quality of the evidence, its persuasiveness in convincing you of its truth.

> Adapted from the charge of Judge Jed S. Rakoff in *SEC v. Stoker*, 11 Civ. 7388 (S.D.N.Y.); from the charge of Judge Jed S. Rakoff in *SEC v. Castaldo et al.,* 08 Civ. 8397 (S.D.N.Y.) (modified); 4 Sand, Siffert, Loughlin, Reiss, Allen, Rakoff, *Modern Federal Jury Instructions (Civil)* ("Sand"), Instruction No. 73-2 (2006); *see also* Ninth Circuit Model Jury Instruction 1.3 (2007); Third Circuit Model Jury Instruction 1.10 (2006).

## REQUEST NO. 3

### Deposition Testimony

Some of the testimony you have heard was in the form of depositions that played via videotape or were read into the record.  A deposition is simply a procedure whereby the attorneys for one side may question a witness or an adversary party under oath before a court stenographer prior to trial. This is part of the pretrial discovery, and each side is entitled to take depositions. You may consider the testimony of a witness given at a deposition according to the same standards you would use to evaluate the testimony of a witness given at trial.

Adapted from 4 Sand *et al.*, *Modern Federal Jury Instructions*, Instr. 74-14 (2007).

3

**REQUEST NO. 4**

**Stipulations of Fact**

In this case you have also heard evidence in the form of stipulations of fact.  A stipulation of fact is an agreement between the parties that a certain fact is true.  You must regard such agreed facts as true.

Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, Instr. 5-6.

**REQUEST NO. 5**

**Liability in General**

With these preliminary instructions in mind, let us turn to the Government's two claims against the defendants.   Each of the Government's claims alleges that one or more of the defendants engaged in conduct that violated FIRREA because the defendant or defendants engaged in a scheme to defraud in violation of the federal mail fraud and wire fraud statutes, and that the fraud affected a federally insured financial institution.  The first claim is brought against the Bank Defendants.  The second claim is brought against Rebecca Mairone.  I will discuss each of these claims in more detail shortly.

In assessing each of these claims, you must determine, in accordance with my instructions, whether the United States has proved the essential elements of that claim by a preponderance of the credible evidence.  This is known as establishing "liability."  In assessing liability, you should consider only what the evidence proves, or fails to prove, as to the defendants before you, and you should not concern yourself in any way with whether any other person or entity may or may not be liable.

Adapted from the charge of Judge Jed S. Rakoff in *SEC v. Stoker*,
11 Civ. 7388 (S.D.N.Y.).

5

**REQUEST NO. 6**

**Multiple Defendants**

The first claim is asserted against multiple Bank Defendants.  In order to find a given defendant liable, the Government must prove by a preponderance of the credible evidence each essential element of that claim as to that particular defendant.

The parties have stipulated that one of the Bank Defendants, Bank of America, N.A. (BANA"), is liable for any acts for which Countrywide Bank, FSB ("Countrywide Bank") is liable because BANA is the successor to Countrywide Bank.  Therefore, if you find that the Government has proved by a preponderance of the credible evidence each element of its claim against Countrywide Bank, you must also find that the Government proved its claim against BANA.

If you find that a particular defendant is liable on a given claim, then, and only then, will the Court determine what relief, such as the payment of money, should be given by that defendant to the United States on account of that claim. The determination of such relief is for the Court and should not play any part in your deliberations.

> Adapted from the charge of Judge Jed S. Rakoff in *SEC v. Stoker*, 11 Civ. 7388 (S.D.N.Y.) (determination of relief is for the court); charge of Judge Jed S. Rakoff in *United States v. Ohle*, 08 Cr. 1109 (S.D.N.Y.) (Multiple Counts; Multiple Defendants).

**REQUEST NO. 7**

**The Government's Claims under Section 1833a**

In order to prevail on its first claim, the United States must prove by a preponderance of the evidence that the Bank Defendants perpetrated a scheme or artifice to defraud in violation of either the federal wire fraud or the federal mail fraud statute and that the scheme to defraud affected a federally insured financial institution.

In order to prevail on its second claim, the United States must prove by a preponderance of the evidence that Rebecca Mairone perpetrated a scheme or artifice to defraud in violation of either the federal wire fraud or the federal mail fraud statute and that the scheme to defraud affected a federally insured financial institution.

The Government must therefore prove each essential element of mail fraud or wire fraud plus the element that the fraud affected a federally insured financial institution.

Each of the Government's claims has four elements.   The first, second, and fourth elements are identical regardless of whether you are considering mail fraud or wire fraud.

The first element is that, in or around the dates alleged, there was a scheme or artifice to defraud others of money or property by means of false and fraudulent pretenses, representations, or promises;

The second element is that the particular defendant knowingly and willfully participated in the scheme or artifice with knowledge of its fraudulent nature and with specific intent to defraud;

The *third* element of the mail fraud statute is that, in the execution of that scheme, the

7

particular defendant used or caused the use of the United States mails, or a private or commercial interstate carrier (such as Federal Express).

The *third* element of the wire fraud statute is that the defendant used or caused the use of interstate or international wire communications in furtherance of the scheme.

The *Fourth* and final element of the claim is that the scheme to defraud affected one or more federally-insured financial institutions.

Let me now describe these elements.

> Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, Instr. 44-3 (2005); from charge of Judge Jed S. Rakoff in *United States v. Steven Gray*, 05 Cr. 1054 (S.D.N.Y. Feb. 13, 2007) (mail fraud); *United States v. Fountain*, 357 F.3d 250, 255 (2d Cir. 2004) (*citing United States v. DiNome*, 86 F.3d 277, 283 (2d Cir. 1996)); charge of Judge Jed S. Rakoff in *United States v. Rodin*, 03 Cr. 1499 (S.D.N.Y. 2004) (wire fraud); *United States v. Countrywide Financial Corp.*, 12 Civ. 1422 (JSR), -- F. Supp. 2d --, 2013 WL 4437232, at **4 -7 (S.D.N.Y. Aug. 16, 2013) (FIRREA claim under Section 1833a includes elements of predicate offense of fraud and effect on a federally insured financial institution).

## REQUEST NO. 8

### Mail Fraud/Wire Fraud -- First Element: Existence of Scheme to Defraud

The first element that the Government must establish by a preponderance of the evidence is that there existed a scheme to defraud, which is a plan or design to obtain money or property by means of deceit.  The deceit -- in the form of false or fraudulent pretenses, representations or promises -- can be an outright lie or a misleading omission or a half-truth, but it must relate to a material fact.  A material fact is one that a reasonably prudent person would consider important in making a decision.

 "Fraud" is a general term that includes all the possible means by which a person seeks to gain some unfair advantage over another person by intentional misrepresentation, false suggestion or deliberate disregard or concealment or suppression of the truth. It is a term that embraces all possible means by which a person seeks to gain some unfair advantage. For example, a scheme to defraud can be accomplished through trickery, deceit, deception, or swindle. It includes intentional misrepresentation and false suggestion, and suppression or concealment of the truth.

In order to establish the existence of a scheme, the Government is not required to establish that the particular defendant you are considering originated or created the scheme to defraud.  The Government is required only to establish that the particular defendant knowingly participated in the scheme to defraud.

Similarly, while the Government must prove that the scheme was intended to deprive one or more victims of money or property, the Government is not required to prove that the scheme

9

to defraud actually succeeded, that the defendant personally benefited from the scheme to defraud or that any victim actually suffered any loss from the scheme to defraud.

> Adapted from the charge of Judge Robert W. Sweet in *United States v. Morgenstern*, 89 Cr. 693 (S.D.N.Y. 1990), *aff'd*, 933 F.2d 1108 (2d Cir. 1991); the charge of Kimba M. Wood in *United States v. Gibson*, 91 Cr. 669 (S.D.N.Y. 1992); Sand *et al.*, *Modern Federal Jury Instructions*, Instr. 44-3 and 44-4 (mail and wire fraud); and the charge of Judge Jed S. Rakoff in *United States v. Rodin*, 03 Cr. 1499 (wire fraud). *See also United States v. Ragosta*, 970 F.2d 1085, 1089-91 (2d Cir. 1992) (discussing what Government must show to establish "scheme to defraud" under first prong, § 1344(1); Government need not prove misrepresentation); *United States v. Stavroulakis*, 952 F.2d 686, 694 (2d Cir. 1992) ("[A] conviction under the 'scheme to defraud' clause [§ 1344(1)] of the bank fraud statute requires that the defendant engage in or attempt to engage in a pattern or course of conduct designed to deceive a federally chartered or insured financial institution into releasing property, with the intent to victimize the institution by exposing it to actual or potential loss .... [T]he bank need not actually be victimized").

## REQUEST NO. 9

### Mail Fraud/Wire Fraud -- Second Element: Knowing Participation

The second element that the Government must establish by a preponderance of the evidence is that the defendant devised or participated in the fraudulent scheme knowingly, willfully and with specific intent to defraud.

To "devise" a scheme to defraud is to concoct or plan it. To "participate" in a scheme to defraud means to associate oneself with it with a view and intent toward making it succeed. While a mere onlooker is not a participant in a scheme to defraud, it is not necessary that a participant be someone who personally and visibly executes the scheme to defraud. Nor is it necessary for the Government to establish that the particular defendant you are considering originated the scheme to defraud. It is sufficient if you find that a scheme to defraud existed, even if someone else originated it, and that the defendant, while aware of the scheme's existence, knowingly participated in it.

Actors are presumed to intend the natural and probable consequences of their actions. So when the necessary result of the actor's scheme is to injure others, fraudulent intent may be inferred from the scheme itself.

It is also not necesssary that the particular defendant participate in or have knowledge of all of the operations of or participants in the scheme. The liability of the defendant is not governed by the extent of the defendant's participation.

It also is not necessary that the defendant have participated in the alleged scheme from the beginning. A person who comes in at a later point with knowledge of the scheme's general

11

operation, although not necessarily all of its details, and intentionally acts in a way to further the unlawful goals, becomes a member of the scheme and is legally responsible for all that may have been done in the past in furtherance of the unlawful goal and all that is done thereafter. Even if the defendant participated in the scheme to a lesser degree than others, that defendant is nevertheless equally liable, so long as the defendant became a member of the scheme to defraud with knowledge of its general scope and purpose.

As I instructed before, the Government need not prove that the intended victims were actually harmed; only that such harm was contemplated. However, while actual harm is not an element of mail or wire fraud, proof that people were actually victimized by the fraud may be good evidence of the schemer's intent to defraud.

The ultimate facts of knowledge and intent may be established by circumstantial evidence, based upon a person's words, his conduct, his acts and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn therefrom.

> Adapted from the charge of Judge Jed S. Rakoff in *United States v. Rodin*, 03 Cr. 1499 (S.D.N.Y. 2004), Sand *et al.*, *Modern Federal Jury Instructions*, Instr. 44-5; the charge of the Judge Michael B. Mukasey in *United States v. Uccio*, 88 Cr. 906 (S.D.N.Y. 1989), *aff'd*, 917 F.2d 80 (1990); the charge of Judge Charles S. Haight, Jr. in *United States v. Rogers*, 90 Cr. 377 (S.D.N.Y. 1991); the charge of Judge John G. Koeltl in *United States v. Szur*, 97 Cr. 108 (S.D.N.Y. 1998); and the charge of Judge Allen G. Schwartz in *United States v. Reinhold*, 97 Cr. 686 (S.D.N.Y. 1998); *see also United States v. Chacko*, 169 F.3d 140, 148-49 (2d Cir. 1999) ("When it is clear that a scheme, viewed broadly, is necessarily going to injure, it can be presumed that the schemer had the

12

requisite intent to defraud."); *United States v. Bryser*, 954 F.2d 79, 88-89 (2d Cir. 1992) (mail fraud; Government need not establish that defendant participated in all aspects of scheme); *United States v. Schwartz*, 924 F.2d 410, 420 (2d Cir. 1991) ("It need not be shown that the intended victim of the fraud was actually harmed; it is enough to show defendants contemplated doing actual harm, that is, something more than merely deceiving the victim."); *United States v. King*, 860 F.2d 54, 55 (2d Cir. 1988) (same); *United States v. Rossomando*, 144 F.3d 197, 199 (2d Cir. 1998).

13

**REQUEST NO. 10**

**Mail Fraud/Wire Fraud –Third Element: Use of Wires/Mail/Interstate Carrier**

The third element of the mail and wire fraud offenses, which the Government must prove by a preponderance of the evidence, is the use of the mails or interstate or international wire transmissions in furtherance of the fraudulent scheme.  The use of the mails includes material sent through the United States Postal Service or a private or commercial interstate carrier, such as Federal Express. The interstate or international "wire" communication includes Internet communications and also includes wire transfers of funds.

The mailed matter or wire transmission need not contain a fraudulent representation or request for money, or have a fraudulent purpose. It must, however, further or assist in the carrying out of the scheme to defraud.  It is not necessary for the defendant to be directly or personally involved in the mailing or interstate wire, as long as the use of the mails or interstate wires was reasonably foreseeable in the execution of the alleged scheme to defraud.

In this regard, it is sufficient to establish this element of the claim if the evidence justifies a finding that the defendant caused the mailing or use of interstate wires by others.  This does not mean that the defendant must specifically have authorized others to send the mail or wire communications. When one does an act with the knowledge that the use of the mails or wires will follow in the ordinary course of business or where such use of the mails or wires can reasonably be foreseen, even though not actually intended, then he or she causes the mail or wire communication to be used.

Similarly, it is not necessary that the mail or wire communication itself be fraudulent.

14

Rather, it is sufficient if a wire was used to further or assist in carrying out the scheme to defraud and that it passed between two states or between the United States and a foreign country. However, you do not have to find that the defendant knew or intended that a particular transmission crossed state lines.

> Adapted from Sand *et al*., *Modern Federal Jury Instructions*, Instr. 44-7, the charge of Judge Jed S. Rakoff in *United States v. Rodin*, 03 Cr. 1499 (wire fraud); the charge of Judge Michael B. Mukasey in *United States v. Uccio*, 88 Cr. 906 (MBM) (S.D.N.Y. 1989), *aff'd*, 917 F.2d 80 (1990) (wire fraud).  *See also United States v. Bortnovsky*, 879 F.2d 30, 36-41 (2d Cir. 1989) (extended discussion of "in furtherance" requirement; holding that letter mailed two years after fraud by innocent third party was "reasonably foreseeable" and "in furtherance" of fraud); *United States v. Blackmon*, 839 F.2d 900, 907-08 (2d Cir. 1988) (regarding foreseeability of interstate nature of communications); *United States v. Keats*, 937 F.2d 58, 64 (2d Cir. 1991) (defendant need not personally have sent charged wire communication; affirming conviction where Government agent and informant initiated charged telephone calls).

## REQUEST NO. 11

## Section 1833a Fourth Element: Effect on a Financial Institution

The fourth and final element of the claim is that the scheme to defraud affected one or more federally insured financial institutions.  The parties agree that defendants Countrywide Bank and Bank of America, N.A. are both federally insured financial institutions.

In order to find that the scheme "affected" a federally insured financial institution, the Government must prove by a preponderance of the credible evidence that the scheme either caused a financial loss to that financial institution *or* exposed it to a new or increased risk of loss. A federally insured financial institution need not have actually suffered a loss in order to have been affected by the scheme.

An "effect" on an institution can include a realistic exposure to lawsuits, settlement payments, and attorney fees.  Such exposure can produce an effect even if no actual lawsuit, loss or payment occurs.

> *See United States v. Bank of New York Mellon*, 11 Civ. 6969 (LAK), 2013 WL 1749418, at *12 (S.D.N.Y. Apr. 24, 2013) (referring to "persuasive holdings that a bank can be 'affected' when a scheme exposes the bank to 'a new or increased risk of loss,' even without a showing of actual loss"); *id.* ("Courts regularly have concluded that a fraud affects an institution by embroiling it in costly litigation, whether because the fraud causes actual losses to the institution through settlements and attorney's fees or because it exposes the institution to realistic potential legal liability"); *United States v. Ghavami*, 10 Cr. 1217 (KMW), 2012 WL 2878126, at *6  (S.D.N.Y. July 13, 2012) (holding that, "for purposes of 18 U.S.C. § 3293(2), a wire fraud offense may be deemed to 'affect[ ] a financial institution' where it exposes such institution to a new or increased risk of loss, even if there is no

16

actual or net loss"); *United States v. Serpico*, 320 F.3d 691, 697 (7th Cir. 2003) (increased risk of loss sufficient to satisfy the requirement that the fraud affect a financial institution under § 3293(2)); *United States v. Bouyea*, 152 F.3d 192, 195 (2d Cir. 1998) (loss suffered by non-financial institution subsidiary of financial institution sufficient).

## REQUEST NO. 12

## Corporation's Agents and Employees

In weighing the evidence on the Government's first claim, you will be called upon to draw conclusions about the conduct and knowledge of one or more corporate entities.

A corporation acts through its agents and employees.   Agents or employees of a corporation may bind the corporation by their acts and declarations made while acting within the scope of their authority designated to them by the corporation, or within the scope of their duties as employees of the corporation.

The law therefore holds a corporation responsible for the acts and omissions of its directors, officers and employees if the corporation authorized the acts and omissions. The knowledge of an entity is the individual or collective knowledge of those directors, officers and employees who control the corporation.

If you find, therefore, that any of the directors, officers, or employees of one of the Bank Defendants violated the law while acting within the scope of his or her duties, either individually or collectively, then you should find that that particular Bank Defendant violated the law.

> Adapted from L. Sand, *et al., Modern Federal Jury Instructions; Civil,* Instr. 2-7, Instr. 72-1 (civil), 72-2 (civil), 82.02 and 82-3 and from the charge approved in *United States v. Gold,* 743 F.2d 800 (11th Cir. 1984), *cert. denied,* 469 U.S. 1217 (1985); adapted from the charge of Judge Victor Marrero in *SEC v. Treadway,* No. 04 Civ. 3464 (S.D.N.Y. June 28, 2006); *Suez Equity Investors, L.P. v. Toronto-Dominion Bank,* 250 F.3d 87, 101 (2d Cir. 2001); *SEC v. Manor Nursing Centers, Inc.,* 458 F.2d 1082, 1089 n.3 (2d Cir. 1972) (citing *SEC v. North American R. & D. Corp.,* 424 F.2d 63, 79 (2d Cir. 1970)); *SEC v. Ballesteros Franco,* 253 F. Supp. 2d

720, 728-729 (S.D.N.Y. 2003).  *See United States v. Demauro,* 581 F.2d 50, 53 (2d Cir. 1978) (corporation liable for criminal acts of employees "if done on its behalf and within the scope of the employees' authority") (citations omitted); *J.C.B. Super Markets, Inc. v. United States,* 530 F.2d 1119, 1122 (2d Cir. 1976) (same).

## REQUEST NO. 13

## Conscious Avoidance

[*If applicable*]

In determining whether the individual defendant acted knowingly, you may consider whether she deliberately closed her eyes to what otherwise would have been obvious. Thus, if you find by a preponderance of credible evidence that the defendant was aware that she was engaged in a scheme to defraud, but deliberately and consciously avoided confirming this fact, then you may treat this deliberate avoidance of positive knowledge as the equivalent of knowledge, unless you find that the defendant actually believed that she was acting in a lawful manner. The law calls this "conscious avoidance."

A person cannot look at all sorts of things that make it obvious to any reasonable person what is going on and then claim in court that because he or she deliberately avoided learning explicitly what was obvious anyway, he or she did not actually know the incriminating fact. However, let me emphasize that the necessary knowledge cannot be established by a showing that the defendant was careless, negligent, or even foolish.

Conscious avoidance can be established where the defendant deliberately decided not to confirm a key fact, when it was obvious or highly probable that the fact was true. One may not willfully and intentionally remain ignorant of important facts in order to escape the consequences of the laws.

> Adapted from the charge given by Judge John F. Keenan in *United States v. Rohan Cameron*, 03 Cr. 1457 (JFK) (2004), and from Sand *et al.*, *Modern Federal Jury Instructions*, Instr. 3A-2.  *See United States v. Hopkins*, 53 F.3d 533, 542 (2d Cir. 1995) ("A conscious-avoidance charge

is appropriate when (a) the element of knowledge is in dispute, and (b) the evidence would permit a rational juror to conclude beyond a reasonable doubt that the defendant was aware of a high probability of the fact in dispute and consciously avoided confirming that fact") (citations and internal quotation marks omitted); adapted from the charge upheld in *United States v. Mang Sun Wong*, 884 F.2d 1537, 1541-43 (2d Cir. 1989); *see also United States v. Jacobs*, 117 F.3d 82 (2d Cir. 1997) (conscious avoidance charge in bank fraud case proper where defendant claimed ignorance); *United States v. Feroz*, 848 F.2d 359, 360 (2d Cir. 1988) (per curiam) (cautioning that "the prosecutor should request that the 'high probability' and 'actual belief' language be incorporated into every conscious avoidance charge") ("[K]nowledge of the existence of a particular fact is established (1) if a person is aware of a high probability of its existence, (2) unless he actually believes that it does not exist.").

21

## **REQUEST NO. 14**

## **No Ultimate Harm Necessary**

Acting with intent to defraud requires acting with a purpose to cause actual financial harm to another. Actual financial harm includes denying a person or entity access to money. If a defendant deliberately supplies material false information in order to obtain money, but anticipates that some form of reimbursement will be made and therefore believes that no harm will ultimately accrue to the entity, the defendant's anticipation that reimbursement will be made, or even any actual reimbursement, is no defense. Thus, if you find that the defendant intended to inflict harm by obtaining money fraudulently, you may find that the defendant acted with intent to defraud.

> Adapted from the charge of Judge Denise L. Cote in *United States v. Robinson*, 98 Cr. 167 (DLC) (2000); *see also United States v. Rossomando*, 144 F.3d 197, 199 (2d Cir. 1998) (intent to cause harm to victim established where defendant obtains loan by means of false information, notwithstanding intent to repay loan, because defendant intended to deprive lender of ability to accurately determine risk); *United States v. Berkovich*, 168 F.3d 64, 66 (2d Cir. 1999) (same). *United States v. Shellef*, 507 F.3d 82, 108 (2d Cir. 2007) ("Although the indictment need not allege that the victims of the fraud were in fact injured, it is required to allege that the defendant contemplated actual harm that would befall victims due to his deception in order to meet the 'scheme to defraud' prong.").

# REQUEST NO. 15

## Negligence of Victim Not a Defense

It is also unimportant whether a victim might have discovered the fraud had it probed further.  If you find that a scheme or artifice to defraud existed, it is irrelevant whether you believe that a victim was careless, gullible, or even negligent.

Here, the Government alleges that the defendants were involved in a scheme to defraud Fannie Mae and Freddie Mac by knowingly selling defective loans with lies as to their quality.

Negligence, carelessness, or gullibility on the part of the victims is no defense to a charge of such fraud.

> Adapted from the charge of Judge Kimba M. Wood in *United States v. Shvartsman*, 04 Cr. 1368 (KMW) (2006).  *See also United States v. Amico*, 486 F.3d 764, 780 (2d Cir. 2007) (no defense to mail fraud in a mortgage fraud case that victim could have discovered false representations); *United States v. Thomas*, 377 F.3d 232, 243 (2d Cir. 2004) (holding that negligence of a victim of a fraud (inducement of travel in interstate commerce) is not a defense).

## REQUEST NO. 16

## Persons Not On Trial

Some of the people who may have been involved in the events leading to this trial are not on trial.  This does not matter.  There is no requirement that participants in a fraud be sued, or tried together, in the same proceeding.

You may not draw any inference, favorable or unfavorable, towards the Government or any defendant from the fact that certain persons other than the defendants were not named as defendants in this action.  Nor may you speculate as to the reasons why other persons are not on trial.  Those matters are wholly outside your concern and have no bearing on your function as jurors.

Whether a person should be named as a defendant in this case or another separate case is a matter within the sole discretion of the United States Attorney.  Therefore, you may not consider it in any way in reaching your verdict as to the defendants.

> Adapted from the charge of Judge Peter K. Leisure in *United States v. Parra and Ortega*, 302 F. Supp. 2d 226 (S.D.N.Y. 2004); Sand *et al.*, *Modern Federal Jury Instructions*, Instr. 3-4.

## **REQUEST NO. 17**

### **Uncalled Witness - Equally Available or Unavailable to Both Sides**

There are people whose names you heard during the course of the trial but did not appear to testify.  One or more of the attorneys has referred to their absence from the trial.  I instruct you that each party had an equal opportunity or lack of opportunity to call any of these witnesses.  Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called.  Their absence should not affect your judgment in any way.

Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, Instr. 6-7 and the charge of Judge Richard J. Sullivan in *United States v. Peirce*, 06 Cr. 1032 (S.D.N.Y. 2008).

## REQUEST NO. 18

## Preparation of Witnesses

You have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.

Although you may consider that fact when you are evaluating a witness's credibility, I should tell you that there is nothing either unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he or she will be questioned about, focus on those subjects, and have the opportunity to review relevant exhibits before being questioned about them.  Such consultation helps conserve your time and the Court's time.  In fact, it would be unusual for a lawyer to call a witness without such consultation.

The weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

> Adapted from the charge of Judge Michael B. Mukasey in *United States v. Abdul Latif Abdul Salam*, 98 Cr. 208 (MBM) (S.D.N.Y. 1999).

26

## **REQUEST NO. 19**

### **Charts and Summaries: Admitted As Evidence**

Some of the exhibits that were admitted into evidence were in the form of charts and summaries.  I decided to admit these charts and summaries in place of, or in addition to, the underlying documents that they represent in order to save time and avoid unnecessary inconvenience.  You should consider these charts and summaries as you would any other evidence.

Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, Instr. 5-12.

## REQUEST NO. 20

## Charts and Summaries: Not Admitted As Evidence

There have been a number of summary charts and exhibits introduced in this case. Some of these charts and exhibits were introduced merely as a summary and analysis of testimony and documents in the case.  The charts and exhibits are here to act as visual aids for you.  They are not, however, evidence in themselves.  They are graphic demonstrations of underlying evidence.  It is the underlying evidence and the weight which you attribute to it that gives value and significance to these charts.  To the extent that the charts conform to what you determine the underlying facts to be, you should accept them.  To the extent that the charts differ from what you determine the underlying evidence to be, you may reject them.

> Adapted from the charge of Judge Richard J. Sullivan in *United States v. Peirce*, 06 Cr. 1032 (S.D.N.Y. 2008), and Sand, *Modern Federal Jury Instructions*, Instr. 5-13.

## **CONCLUSION**

Your function now is to weigh the evidence in this case and to determine the liability of the defendants.

You must base your verdict solely on the evidence and these instructions as to the law, and you are obliged under your oath as jurors to follow the law as I have instructed you, regardless of whether you agree or disagree with the particular law in question.

The verdict must represent the considered judgment of each juror.  To return a verdict, it is necessary that each juror agree to it.  Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement.  Each of you must decide the case for him or herself, but do so only after an impartial discussion and consideration of all the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views, and change an opinion if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of evidence solely because of the opinion of your fellow jurors.  Remember at all times, you are not partisans.  You are judges – judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

If you are divided, do not report how the vote stands, and if you have reached a verdict do not report what it is until you are asked in open court.

In conclusion, ladies and gentlemen, I am sure that if you listen to the views of your fellow jurors and if you apply your own common sense you will reach a fair verdict here.

Remember that your verdict must be rendered without fear, without favor, and without prejudice or sympathy.

Dated: New York, New York                    Respectfully submitted,
      September 17, 2013

                                    PREET BHARARA
                                    United States Attorney for the
                                    Southern District of New York

                    By:        */s/ Jaimie L. Nawaday*
                                  PIERRE G. ARMAND
                                  JAIMIE L. NAWADAY
                                  JOSEPH N. CORDARO
                                  CARINA H. SCHOENBERGER
                                  ELLEN M. LONDON
                                  Assistant United States Attorneys
                                  86 Chambers Street, 3rd Floor
                                  New York, New York 10007
                                  Tel:    (212) 637-2724/2528/2745/2822
                                  Fax:    (212) 637-2730
                            Email: Pierre.Armand@usdoj.gov
                                  Jaimie.Nawaday@usdoj.gov
                                  Joseph.Cordaro@usdoj.gov
                                  Carina.Schoenberger@usdoj.gov
                                  Ellen.London@usdoj.gov