**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | 12 Civ. 1422 (JSR) |
| COUNTRYWIDE FINANCIAL CORPORATION; COUNTRYWIDE HOME LOANS, INC.; COUNTRYWIDE BANK, FSB; BANK OF AMERICA CORPORATION; BANK OF AMERICA, N.A.; and REBECCA MAIRONE, | ECF Case |
| Defendants. | |

**GOVERNMENT'S PROPOSED EXAMINATION OF PROSPECTIVE JURORS**

PREET BHARARA
United States Attorney for the
Southern District of New York
Attorney for the United States
86 Chambers Street – 3rd Floor
New York, N.Y.  10007
Tel. No.:  (212) 637-2800
Fax No.:  (212) 637-2730

PIERRE G. ARMAND
JAIMIE L. NAWADAY
JOSEPH N. CORDARO
CARINA H. SCHOENBERGER
ELLEN LONDON
Assistant United States Attorneys
       *-Of Counsel-*

## GOVERNMENT'S PROPOSED EXAMINATION
## OF PROSPECTIVE JURORS

The Government respectfully requests, pursuant to Rule 47(a) of the Federal Rules of Civil Procedure, that the Court include the following questions in its examination of prospective jurors.

The Court is requested to pursue more detailed questioning if a particular juror's answer reveals that further inquiry is appropriate and, in such an instance, to conclude with an inquiry whether the particular fact or circumstance would influence the juror in favor of or against either the Government or any defendant, or otherwise affect the juror's ability to serve as a fair and impartial juror in this case.

### The Allegations of the Complaint

This is a civil case. The plaintiff here, the United States, is suing the defendants, Countrywide Financial Corporation; Countrywide Bank FSB; Countrywide Home Loans, Inc; Bank of America Corporation; Bank of America, N.A. (collectively, the "Bank Defendants"); and Rebecca Mairone for allegedly violating the Financial Institutions Reform, Recovery, and Enforcement Act, or "FIRREA."

The Government's complaint is not evidence.  It simply contains the claims that the Government is required to prove to the satisfaction of the trial jury by a preponderance of the evidence.  I will summarize the claims in this case in order to determine whether there is anything about the nature of this case that may make it difficult or inappropriate for any of you to serve on the jury.

2

The Government's complaint alleges that the defendants engaged in fraud and made false representations in connection with the sale of loans by Countrywide to the Government-sponsored entities Federal National Mortgage Association ("Fannie Mae") and Federal Home Loan Mortgage Corporation ("Freddie Mac"), all in violation of FIRREA, 12 U.S.C. § 1833a(c)(2). The FIRREA violations require proof by a preponderance of the evidence that the defendants violated the mail fraud or wire fraud criminal statutes, 18 U.S.C. §§ 1341 and 1343. The Government's complaint asserts one claim under FIRREA against the Bank Defendants (First Claim) and a second claim under FIRREA against the Rebecca Mairone, the Chief Operating Officer of Countrywide's Full Spectrum Lending Division during the period relevant to this case (Second Claim).

Does any juror have any personal knowledge of the claims in the complaint as I have described them?

### Ability to Sit as a Juror

1.       Does any juror have a problem with his or her hearing or vision, or any other medical problem, which would prevent him or her from giving full attention to all of the evidence at this trial?  Is any juror taking any medication which would prevent him or her from giving full attention to all the evidence at this trial?

2.       Does any juror have any difficulty in reading or understanding English tp any degree?

### Nature of the Claims

3.       As you can tell, during the trial, you will hear evidence concerning

mortgage fraud.  Does the fact that the claims involve fraud, and in particular <u>mortgage</u> <u>fraud</u> make it difficult for any of you to render a fair verdict?  Do any of you feel that you could not decide fairly and impartially a case involving such claims?

4.       Has any juror been involved in an offense involving fraud?  Has any juror ever been a victim of fraud?  Has any juror's relative, close friend or associate been involved in an offense involving fraud?  Has any juror, or any member of the juror's family, or any juror's close friend, had any experiences of any kind, directly or indirectly, with fraud, and in particular mortgage fraud?

5.       Do any of you feel, for any reason, that you could not view fairly and impartially a case involving fraud, and in particular mortgage fraud?

6.       Has any juror worked in any job involving direct contact with Fannie Mae or Freddie Mac?  If so, in what capacity?

7.    Does any juror have a relative, close friend or associate who works in direct contact with Fannie Mae or Freddie Mac?

8.       Has any juror had any negative experiences with Fannie Mae or Freddie Mac which would affect his or her ability to be a fair and impartial juror in this case?

9.       Has any juror worked in any job involving direct contact with Countrywide or Bank of America?  If so, in what capacity?

10.   Does any juror have a relative, close friend or associate who works in direct contact with Countrywide or Bank of America?

11.       Has any juror had any negative experiences with Countrywide or Bank of

America which would affect his or her ability to be a fair and impartial juror in this case?

**<u>Views on Certain Witnesses and Types of Evidence</u>**

12.     The witnesses in this case may include employees from Fannie Mae and Freddie Mac.  Would any of you be more likely to believe a witness merely because he or she is an employee of Fannie Mae or Freddie Mac?  Would any of you be less likely to believe a witness merely because he or she is an employee of Fannie Mae or Freddie Mac?

13.     The witnesses in this case may also include current or former employees from Countrywide.  Would any of you be more likely to believe a witness merely because he or she is an employee of Countrywide?  Would any of you be less likely to believe a witness merely because he or she is an employee of Countrywide?

14.     The witnesses in this case may also include current or former employees from Bank of America.  Would any of you be more likely to believe a witness merely because he or she is an employee of Bank of America?  Would any of you be less likely to believe a witness merely because he or she is an employee of Bank of America?

**<u>Knowledge of the Trial Participants</u>**

15.     The individual defendant in this case is REBECCA MAIRONE.  [*Please ask the defendant to rise.*]  Does any juror know, or has any juror had any dealings, directly or indirectly, with the defendant, REBECCA MAIRONE, or with any relative, friend or associate of the defendant?

16.     To your knowledge, do any of your relatives, friends, associates, or employers know the defendant?

5

17.     The defendant, REBECCA MAIRONE, is represented by Marc Mukasey, Michael Hefter, Ryan Philp and Seth Cohen.  [*Please ask them to stand.*]  Do any of you know any of these gentlemen?  Has any juror had any dealings with them?

18.     The Countrywide defendants are represented by Richard Strassberg and William Harrington.  [*Please ask them to stand.*]  Do any of you know Mr. Strassberg or Mr. Harrington?  Has any juror had any dealings with them?

19.     The Bank of America defendants are represented by Brendan Sullivan, Enu Mainigi, Ryan Scarborough, Kenneth Smurszynski, and Malachi Jones.  [*Please ask them to stand.*]  Do any of you know Mr. Sullivan, Ms. Mainigi, Mr. Scarborough, Mr. Smurszynski, or Mr. Jones?  Has any juror had any dealings with them?

20.     The Government is represented here, as in all cases where it is a party before this Court, by the United States Attorney for the Southern District of New York, Preet Bharara.  The conduct of the trial will be in the immediate charge of Assistant United States Attorneys Pierre Armand, Jaimie Nawaday, Joseph Cordaro, Carina Schoenberger, and Ellen London.  They will be assisted by Tammy Yin and Victor Lam, paralegal specialists in the U.S. Attorney's Office.  [*Please ask them to stand*.]  Do any of you know Mr. Bharara, Mr. Armand, Ms. Nawaday, Mr. Cordaro, Ms. Schoenberger, Ms. London, or Ms. Yin or Mr. Lam?  To your knowledge, have you, your family members, or your close friends had any dealings with them?

21.     I will now read a list of names of individuals who may be mentioned during the trial, or who may be witnesses in this case:

**[NAMES TO BE SUPPLIED PRIOR TO JURY SELECTION]**

22.     Do any of you know any of those people?  Have you had any dealings, directly or indirectly, with any of them?  To your knowledge, have any of your relatives, friends, or associates had any dealings with them?

### Relationship With Government

23.     Does any juror, or his or her relatives or close friends, work in law, law enforcement, the justice system, or the courts?  In what capacity?  Has any juror had any contact with anyone in law, law enforcement, the justice system or the courts that might influence your ability to evaluate this case?

24.     Does any juror know, or have any association--professional, business, or social, direct or indirect--with any member of the staff of the United States Attorney's Office for the Southern District of New York?

25.     Does any juror know, or have any association--professional, business, or social, direct or indirect--with Fannie Mae or Freddie Mac?

26.     Have you, or has any member of your family, either as an individual or in the course of his or her business, ever been a party to any legal action or dispute with the United States or any of the departments, agencies, or employees of the United States, including the Internal Revenue Service?  Have you had any legal, financial, or other interest in the outcome of such a dispute?  Have you, or has any member of your family, ever had such a dispute concerning money owed to you by the Government or owed by you to the Government?

27.   Has any juror, either through any experience he or she has had or anything he or she has seen or read, developed any bias or prejudice or other feelings for or against the

United States Department of Justice, the United States Attorney's Office for the Southern

District of New York, Fannie Mae, or Freddie Mac?

## **Prior Jury Service**

28.     Have you ever served as a juror in a trial in any court?  If so, in what court

did you serve and was it a civil or criminal case?  What type of case was it?  Without telling us

what the verdict was, did the jury reach a verdict?

29.     Have you ever at any time served as a member of a grand jury, whether in

federal, state, county or city court?  If so, when and where?

## **Experience as a Witness, Plaintiff, Defendant, or Borrower**

30.     Have any of you, or your relatives or close friends, ever been involved or

appeared as a witness in any investigation by a federal or state grand jury, or by a Congressional

or state legislative committee, licensing authority, or governmental agency?  Have you or anyone

close to you been questioned in any matter by a law enforcement agency?

31.     Have you or has a relative or close friend ever been a witness or a

complainant in any hearing or trial?

32.    Are you or any member of your family now under subpoena, or to your

knowledge, about to be subpoenaed in any case?

33.    Have you, any member of your family, or close friend ever been involved in

any litigation with the United States or any federal or state agency?  [*As to any prospective juror

who answers affirmatively, the Court is respectfully requested to inquire into the circumstances

of each action.*]

8

34.   Has any juror, or any of your relatives or close friends, ever been the subject of any investigation or accusation by any federal or state grand jury, or by a Congressional committee?

35.   Has any juror, or any of your relatives or close friends, ever had a bank or other financial institution refuse to lend you/them money?  If yes, did you/they feel the decision was fair or unfair?  Were you/they able to secure a loan from another source?

### Function of the Court and Jury

36.   The function of the jury is to decide questions of fact.  You are the sole judges of the facts and nothing that the Court or the lawyers say or do may encroach in any way on your role as the exclusive fact finders.  However, when it comes to the law, you must take your instructions from the Court and you are bound by those instructions.  You may not substitute your notions of what the law is or what you think it should be.  At the conclusion of the case, your job will be to determine whether or not the defendants are liable for fraud.  Does any juror have any difficulty with that principle, or any problem in accepting and following the instructions of the law that I will give you in this case?

37.   Will each juror accept the proposition that the question of any penalty to be paid by any defendant is for the Court alone to decide, and that the possible penalty must not enter into the deliberation of the jurors as to whether the defendants on trial here are liable?

38.   Will each of you accept the proposition that sympathy or empathy must not enter into the deliberations of the jurors as to whether the defendants are liable or not liable, and that only the evidence presented here in Court may be used by you to determine whether the

defendants are liable for fraud?

39.   Is there any juror who feels that even if the evidence established a defendant's liability for fraud by a preponderance of the evidence, he or she might not be able to render a verdict of liable for reasons unrelated to the law and the evidence?

40.   Does any juror have any religious, philosophical or other belief which would make him or her unable to sit in judgment of another or unable to render a verdict of liable for reasons unrelated to the law and the evidence?

## Other Bias

41.   In these questions, I have tried to direct your attention to possible reasons why you might not be able to sit as a fair and impartial juror.  Apart from any prior question, does any juror have the slightest doubt in his or her mind, for any reason whatsoever, that he or she will be able to serve conscientiously, fairly, and impartially in this case and to render a true and just verdict without fear, favor, sympathy, or prejudice, and according to the law as it will be explained?

## Trial Schedule

42.   After the jury is selected, we will begin opening statements and then the presentation of evidence.  The trial in this case should last approximately four weeks.  The Court expects that the court day will last from about 9 a.m. to 5 p.m.  Is there any juror for whom the proposed trial schedule presents an insurmountable problem, one that would make it truly impossible for the juror to serve?

**Juror's Background**

43.   The Government respectfully requests that the Court ask each juror to state the following information:

(a)  the juror's age;

(b)  where the juror was born;

(c)  the educational background of the juror, including the highest degree obtained;

(d)  if the juror obtained a college degree, major field of study;

(e)  whether the juror has served in the military;

(e)  the juror's occupation;

(f)  the nature of the juror's work;

(g)  the length of employment with his or her most recent employer;

(h)  whether the juror has ever worked at a large corporation;

(i)  whether the juror ever had a job considered management;

(j)  whether the juror ever had a job that involved reviewing, interpreting, administering, writing, or negotiating contracts;

(k)  whether the juror ever worked in any aspect of quality control or quality assurance;

(l)  the same employment information with respect to the juror's significant other and any working children;

(i)  whether the juror has or ever had a savings or checking account with Bank of America or Countrywide;

(j)  whether the juror had a loan financed by or an equity line with Bank of America or Countrywide;

(k)  whether the juror owns or has ever owned stock in Bank of America;

11

(l)  whether the juror knows anyone who, in the last five years, lost a home due to foreclosure or been forced to walk away from their home due to the recent economic crisis?

(m) the juror's current town of residence;

(n)  whether the juror owns or rents his or her home;

(o)  the length of time at that residence;

(p) the newspapers or magazines that the juror typically reads and how often;

(q) the television shows that the juror typically watches; and

(r)  the juror's hobbies or leisure-time activities and organizations.

## Requested Instruction Following Empanelment of Jury

44.   From this point on until you retire to deliberate on your verdict, it is your duty not to discuss this case and not to remain in the presence of other persons who may be discussing this case.  This rule about not discussing the case with others includes discussions even with members of your own family and your friends.

45.   If at any time during the course of this trial, any person attempts to talk to you or to communicate with you about this case, either in or out of the courthouse, you should immediately report such an attempt to me through my deputy clerk. In this regard, let me explain to you that the attorneys and the defendant in a case are not supposed to talk to jurors, even to offer a friendly greeting.  So if you happen to see any of them outside this courtroom they will, and should, ignore you.  Please do not take offense.  They will only be acting properly by doing so.

Dated: New York, New York                     Respectfully submitted,
   September 19, 2013

            PREET BHARARA
            United States Attorney for the
            Southern District of New York

      By:    */s/ Jaimie L. Nawaday*
            PIERRE G. ARMAND
            JAIMIE L. NAWADAY
            JOSEPH N. CORDARO
            CARINA H. SCHOENBERGER
            ELLEN M. LONDON
            Assistant United States Attorneys
            86 Chambers Street, 3rd Floor
            New York, New York 10007
            Tel: (212) 637-2724/2528/2745/2822
            Fax: (212) 637-2730
          Email: Pierre.Armand@usdoj.gov
            Jaimie.Nawaday@usdoj.gov
            Joseph.Cordaro@usdoj.gov
            Carina.Schoenberger@usdoj.gov
            Ellen.London@usdoj.gov