UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
UNITED STATES OF AMERICA,

        Plaintiff,

    -v-

COUNTRYWIDE HOME LOANS, INC.,
COUNTRYWIDE BANK, FSB, BANK OF
AMERICA, N.A., and REBECCA MAIRONE,

        Defendants.
------------------------------------------------------------------x

12 Civ. 1422 (JSR)



## THE COURT'S INSTRUCTIONS OF LAW TO THE JURY

# TABLE OF CONTENTS

## I. GENERAL INSTRUCTIONS

1. Duty of the Court

2. Duty of the Jury

3. Duty of Impartiality

4. Burden of Proof; Preponderance of the Evidence

5. Direct and Circumstantial Evidence

6. Witness Credibility

7. Specialized Testimony

## II. LIABILITY INSTRUCTIONS

8. Liability in General; Multiple Defendants

9. The Claim of Fraud

## III. CONCLUDING INSTRUCTIONS

10. Selection of Foreperson; Right to See Exhibits and Hear Testimony; Communications with the Court

11. Verdict; Need for Unanimity; Duty to Consult

# I. GENERAL INSTRUCTIONS

## INSTRUCTION NO. 1

### Duty of the Court

We are now approaching the most important part of this case, your deliberations. You have heard all of the evidence in the case, as well as the final arguments of the lawyers for the parties. Before you retire to deliberate, it is my duty to instruct you as to the law that will govern your deliberations. These are the final and binding instructions, which entirely replace the preliminary instructions I gave you earlier. As I told you at the start of this case, and as you agreed, it is your duty to accept my instructions of law and apply them to the facts as you determine them.

Regardless of any opinion that you may have as to what the law may be or ought to be, it is your sworn duty to follow the law as I give it to you. Also, if any attorney or other person has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

Because my instructions cover many points, I have provided each of you with a copy of them not only so that you can follow them as I read them to you now but also so that you can have them with you for reference throughout your deliberations. In listening to them now and reviewing them later, you should not single out any particular instruction as alone stating the law, but you should instead consider my instructions as a whole.

INSTRUCTION NO. 2

Duty of the Jury

Your duty is to decide the fact issues in the case and arrive, if you can, at a verdict. You, the members of the jury, are the sole and exclusive judges of the facts. You pass upon the weight of the evidence; you determine the credibility of the witnesses; you resolve such conflicts as there may be in the testimony; and you draw whatever reasonable inferences you decide to draw from the facts as you determine them.

In determining the facts, you must rely upon your own recollection of the evidence. To aid your recollection, we will send you all the exhibits at the start of your deliberations, and if you need to review particular items of testimony, we can also arrange to provide them to you in transcript or read-back form. But please remember that none of what the lawyers have said in their opening statements, in their closing arguments, in their objections, or in their questions, is evidence. Nor is anything I may have said evidence.

The evidence before you consists of three things: the testimony given by witnesses that was received in evidence, the exhibits that were received in evidence, and the stipulations and formal legal admissions of the parties that were received in evidence.

Testimony consists of the answers that were given by the witnesses to the questions that were permitted either here in court or in the depositions that were presented. Please remember that questions, although they may provide the context for answers, are not themselves evidence; only answers are evidence, and you should therefore disregard any question to which I sustained an objection. Also, you may not consider any answer that I directed you to disregard or that I directed be stricken from the record. Likewise, you may not consider anything you heard about the contents of any exhibit that was not received in evidence. Also, you should be careful not to

speculate about matters not in evidence. Rather, your focus should be entirely on assessing the evidence that was presented, and not on speculating about what other evidence, if any, might have been obtained.

It is the duty of the attorney for each party of a case to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible or asks a question the attorney believes inappropriate. Counsel also have the right and duty to ask the Court to make rulings of law and to request conferences at the side bar out of the hearing of the jury. All such questions of law must be decided by me. You should not show any prejudice against any attorney or party because the attorney objected to a question or to the admissibility of evidence, or asked for a conference out of the hearing of the jury, or asked me for a ruling on the law.

Finally, I ask you to draw no inference from my rulings or from the fact that occasionally I asked questions of certain witnesses. My rulings were no more than applications of the law and my questions were only intended for clarification or to expedite matters. You are expressly to understand that I have no opinion as to the verdict you should render in this case.

## INSTRUCTION NO. 3

### Duty of Impartiality

You are to perform your duty of finding the facts without bias or prejudice or sympathy as to any party, for all parties are equal under the law. The fact that the plaintiff is the United States of America entitles it to no more or less consideration than that given any other party. Similarly, the fact that some of the defendants are corporations does not mean that they are entitled to any greater or lesser consideration than that given any other party. All parties, including the government, corporations, and individuals, stand as equals at the bar of justice.

You are to perform your final duty in an attitude of complete fairness and impartiality. You are not to be swayed by rhetoric or emotional appeals. It must be clear to you that if you were to let prejudice or bias or sympathy interfere with your thinking, there would be a risk that you would not arrive at a true and just verdict. So do not be guided by anything except clear thinking and calm analysis of the evidence.

## INSTRUCTION NO. 4

### Burden of Proof; Preponderance of the Evidence

As you know, this is a civil case in which the United States, as plaintiff, is bringing a claim of fraud against several defendants. The plaintiff, as the party bringing the claim, has what we call the "burden of proof," which is the burden of establishing as to each defendant you are considering each of the essential elements of its claim by a preponderance of the credible evidence.

The "credible evidence" means such testimony, exhibits, stipulations, or legal admissions that you find worthy of belief. To establish an element of a claim by a "preponderance" of the credible evidence means to prove that the element is more likely true than not true. It does not mean the greater number of witnesses, or how much time either side employs in the trial. The phrase refers to the quality of the evidence, its persuasiveness in convincing you of its truth.

## INSTRUCTION NO. 5

### Direct and Circumstantial Evidence

In deciding whether the government has met its burden of proof, you may consider both direct evidence and circumstantial evidence.

Direct evidence is evidence that proves a disputed fact directly. For example, where a witness testifies to what he or she saw, heard, or observed, that is called direct evidence.

Circumstantial evidence is evidence that tends to prove a disputed fact by proof of other facts. To give a simple example, suppose that when you came into the courthouse today the sun was shining and it was a nice day, but the courtroom blinds were drawn and you could not look outside. Then later, as you were sitting here, someone walked in with a dripping wet umbrella and, soon after, somebody else walked in with a dripping wet raincoat. Now, on our assumed facts, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But, on the combination of the facts about the umbrella and the raincoat, it would be reasonable for you to infer that it had begun raining.

That is all there is to circumstantial evidence. Using your reason and experience, you infer from established facts the existence or nonexistence of some other fact. Please note, however, it is not a matter of speculation or guess; it is a matter of logical inference.

The law makes no distinction between direct and circumstantial evidence. Circumstantial evidence is of no less value than direct evidence, and you may consider either or both, and may give them such weight as you conclude is warranted.

## INSTRUCTION NO. 6

### Witness Credibility

It must be clear to you by now that counsel for the opposing parties are asking you to draw very different conclusions about various factual issues in the case. An important part of that decision will involve making judgments about the testimony of the witnesses you have listened to and observed. In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence that may help you to decide the truth and the importance of each witness's testimony.

Your decision whether or not to believe a witness may depend on how that witness impressed you. How did the witness appear to you? Was the witness candid, frank, and forthright; or did the witness seem to be evasive or suspect in some way? How did the way the witness testified on direct examination compare with how the witness testified on cross-examination? Was the witness consistent, or contradictory? Did the witness appear to know what he or she was talking about? Did the witness strike you as someone who was trying to report his or her knowledge accurately? These are examples of the kinds of common-sense questions you should ask yourselves in deciding whether a witness is or is not truthful.

How much you choose to believe a witness may also be influenced by the witness's bias. Does the witness have a relationship with any of the parties that may affect how he or she testified? Does the witness have some interest, incentive, loyalty, or motive that might cause him or her to shade the truth? Does the witness have some bias, prejudice, or hostility that may cause the witness to give you something other than a completely accurate account of the facts he or she testified to?

You should also consider whether the witness had an opportunity to observe the facts he or she testified about, and whether the witness's recollection of the facts stands up in light of the other evidence in the case.

In other words, what you must try to do in deciding credibility is to size up a person just as you would in any important matter where you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection.

## INSTRUCTION NO. 7

### Specialized Testimony

The law permits parties to offer opinion testimony from witnesses who were not involved in the underlying events of the case but who by education or experience have expertise in a specialized area of knowledge. In this case, Charles Cowan and Ira Holt were offered as such witnesses by the government, while Robert Broeksmit was offered as such a witness by the defendants. Specialized testimony is presented to you on the theory that someone who is learned in the field may be able to assist you in understanding specialized aspects of the evidence.

However, your role in judging credibility and assessing weight applies just as much to these witnesses as to other witnesses. When you consider the specialized opinions that were received in evidence in this case, you may give them as much or as little weight as you think they deserve. For example, a specialized witness necessarily bases his or her opinions, in part or in whole, on what that witness learned from others, and you may conclude that the weight given the witness's opinions may be affected by how accurate or inaccurate that underlying information is. More generally, if you find that the opinions of a specialized witness were not based on sufficient data, education, or experience, or if you should conclude that the trustworthiness or credibility of such a witness is questionable, or if the opinion of the witness is outweighed, in your judgment, by other evidence in the case, then you may, if you wish, disregard the opinions of that witness, either entirely or in part. On the other hand, if you find that a specialized witness is credible, and that the witness's opinions are based on sufficient data, education, and experience, and that the other evidence does not give you reason to doubt the witness's conclusions, you may, if you wish, rely on that witness's opinions and give them whatever weight you deem appropriate.

## II. LIABILITY INSTRUCTIONS

## INSTRUCTION NO. 8

### Liability in General; Multiple Defendants

Applying the general principles that I have just discussed, you must now determine, in accordance with my instructions, whether the government has established its claim of fraud against any or all of the defendants by a preponderance of the credible evidence. This is known as establishing "liability." I remind you that, if liability is found as to any defendant, the issue of what monetary penalties, if any, are to be imposed is an issue for the Court, not the jury.

Although there are three Bank Defendants here — Countrywide Home Loans, Inc., Countrywide Bank, FSB, and Bank of America, N.A. — you may treat them as one, for your purposes, because Bank of America, N.A. is the successor to Countrywide Bank, FSB, which in turn took over responsibility for residential loan origination from Countrywide Home Loans, Inc. I shall therefore refer to them jointly as the "Bank Defendants."

Separately, however, the government also asserts its claim against an individual, Rebecca Mairone. The claim against Ms. Mairone must be decided solely on the evidence that relates to her. In that regard you will recall that certain evidence was received with regard to the Bank Defendants but not as to Ms. Mairone, and therefore you cannot consider such evidence as to her.

## INSTRUCTION NO. 9

### The Claim of Fraud

To establish its fraud claim against the Bank Defendants, Ms. Mairone, or both, the government must establish, by a preponderance of the credible evidence, each of three elements:

<u>first</u>, that there existed a scheme to defraud Fannie Mae and/or Freddie Mac of money or property by means of false or fraudulent pretenses, representations, or promises;

<u>second</u>, that the defendant you are considering participated in the scheme to defraud, with knowledge of its fraudulent nature and with a specific intent to defraud;

<u>third</u>, that in the execution of the scheme to defraud, at least one use was made of the U.S. mails or of interstate wire communications.

We will consider these three elements in turn:

As to the first element, a "scheme to defraud" is a plan or design to obtain money or property by means of one or more false or misleading statements of a material fact. A statement is false if it is an outright lie. It is misleading if it is true as far as it goes but creates a false impression by omitting information necessary to correct the false impression. A statement is "material" if it relates to a fact that a reasonably prudent person would consider important in making a decision.

Here, specifically, the government alleges, and the defendants deny, that one or more of the defendants devised a scheme to induce Fannie Mae and/or Freddie Mac to purchase mortgage loans originated through the High Speed Swim Lane by misrepresenting that the loans were of higher quality than they actually were. The government further alleges that these misrepresentations were material because a reasonably prudent person participating in the decision of whether to purchase mortgage loans at Fannie Mae or Freddie Mac would have

considered the true facts important in deciding whether to purchase, or how to price, the loans. (Incidentally, the fact that some of these alleged misrepresentations may have constituted breaches of the contracts between the Bank Defendants and Fannie Mae or Freddie Mac is neither here nor there; your focus should be on whether there was a scheme to defraud.)

While the government must prove that the scheme to defraud Fannie Mae or Freddie Mac existed, the government is not required to prove that the scheme to defraud actually succeeded, that a given defendant personally benefitted from the scheme to defraud, that Fannie Mae or Freddie Mac actually suffered any loss as a result of the scheme to defraud, or that Fannie Mae or Freddie Mac were themselves free from fault.

As to the second element — that the defendant you are considering participated at some point in the scheme knowingly and with a specific intent to defraud — to act "knowingly" means to act consciously and deliberately rather than mistakenly or inadvertently, but in this context, it also means that the defendant had knowledge that that defendant was participating in a fraudulent scheme. It is not enough that the defendant you are considering may have participated in a fraudulent scheme carelessly, negligently, or otherwise unknowingly. Similarly, to act with a "specific intent to defraud" requires that the given defendant you are considering purposely intended to deceive and harm either Fannie Mae or Freddie Mac, or both, by seeking to sell them mortgage loans, or by seeking to affect the pricing of those loans, through false or misleading representations.

As to the Bank Defendants, such an intent can be imputed to them if, but only if, at least one of three managerial persons — Rebecca Mairone, Clifford Kitashima, or Greg Lumsden — participated in such a fraudulent scheme with such intent. Ms. Mairone, however, can be found personally liable only if she personally participated in such a fraudulent scheme with such intent.

As to the third element — that in the execution of the scheme to defraud at least one use was made of the U.S. mails or of interstate wire communication — such interstate communication includes, among other things, telephone calls and emails that travel between two states. It is not necessary that the interstate wire communication or use of the mails itself contain a fraudulent representation; rather, it is sufficient if it was used to further or assist in carrying out the scheme to defraud. Also, to "cause" the use of the mail or interstate wire communication, it is not necessary for a given defendant to be directly or personally involved in sending the mail or interstate communication, as long as the communication was reasonably foreseeable in the execution of the scheme to defraud.

### III. CONCLUDING INSTRUCTIONS

### INSTRUCTION NO. 10

Selection of Foreperson; Right to See Exhibits and Hear Testimony;

Communications with the Court

You will shortly retire to the jury room to begin your deliberations. As soon as you get to the jury room, please select one of your number as the foreperson, to preside over your deliberations and to serve as your spokesperson if you need to communicate with the Court.

You will be bringing with you into the jury room a copy of my instructions of law, and a verdict form on which to record your verdict. In addition, we will send into the jury room all of the exhibits that were admitted into evidence, along with indices to the exhibits. If you want to see any of the video depositions replayed, let us know and we will bring you back to the courtroom for that purpose. If you want any of the other testimony, that can also be provided in transcript or readback form. But please remember that it is not always easy to locate what you might want, so be as specific as you possibly can in requesting portions of testimony.

Any of your requests, in fact any communication with the Court, should be made to me in writing, signed by your foreperson, and given to the marshal, who will be available outside the jury room throughout your deliberations. After consulting with counsel, I will respond to any question or request you have as promptly as possible, either in writing or by having you return to the courtroom so that I can speak with you in person.

## INSTRUCTION NO. 11

### Verdict; Need for Unanimity; Duty to Consult

You should not, however, tell me or anyone else how the jury stands on any issue until you have reached your verdict and recorded it on your verdict form.

Each of you must decide the case for yourself, after consideration, with your fellow jurors, of the evidence in the case; and your verdict must be unanimous. In deliberating, bear in mind that while each juror is entitled to his or her opinion, each should exchange views with his or her fellow jurors. That is the very purpose of jury deliberation — to discuss and consider the evidence; to listen to the arguments of fellow jurors; to present your individual views; to consult with one another; and to reach a verdict based solely and wholly on the evidence.

If, after carefully considering all the evidence and the arguments of your fellow jurors, you entertain a conscientious view that differs from the others', you are not to yield your view simply because you are outnumbered. On the other hand, you should not hesitate to change or modify an earlier opinion which, after discussion with your fellow jurors, now appears to you erroneous.

In short, your verdict must reflect your individual views and it must also be unanimous.

This completes my instructions of law.