LAW OFFICES
## WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.
WASHINGTON, D. C. 20005-5901
(202) 434-5000
FAX (202) 434-5029

KENNETH SMURZYNSKI
(202) 434-5903
ksmurzynski@wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

December 20, 2013

*Please docket as a letter.*

The Honorable Jed S. Rakoff
United States District Court
for the Southern District of New York
500 Pearl Street, Room 1340
New York, NY 10007-1312

Re:   United States v. Bank of America Corp., et al., No. 12 Civ. 1422 (JSR)

Dear Judge Rakoff:

The Bank Defendants submit this letter in response to the Court's question whether the legislative history of FIRREA's civil penalty provision contains any express statement linking that provision to the Alternative Fines Act. Hr'g Tr. 27:14–28:1, 72:10-12, 21-22 (Dec. 5, 2013). The legislative history does expressly refer to the Alternative Fines Act, making clear that in enacting the FIRREA civil penalty provision, Congress made a deliberate choice to adopt some, but not all, aspects of that Act.

In 1987, Congress enacted the Alternative Fines Act. *See* Pub. L. No. 100-185, § 6, 101 Stat. 1279 (Dec. 11, 1987), codified at 18 U.S.C. § 3571(d). The purpose of the statute was to provide additional methodologies for the calculation of fines for criminal offenses: "If any person derives pecuniary gain from the offense, or if the offense results in pecuniary loss to a person other than the defendant, the defendant may be fined not more than the greater of twice the gross gain or twice the gross loss, unless imposition of a fine under this subsection would unduly complicate or prolong the sentencing process." *Id.*

Two years after the passage of the Alternative Fines Act, Congress enacted FIRREA, including the civil penalty provision at issue here, 12 U.S.C. § 1833a. *See* Pub. L. No. 101-73, § 951, 103 Stat. 183 (Aug. 9, 1989). The relevant part of the FIRREA statute provides: "If any person derives pecuniary gain from the violation, or if the violation results in pecuniary loss to a person other than the violator, the amount of the civil penalty may exceed the amounts described in paragraphs (1) and (2) but may not exceed the amount of such gain or loss." 12 U.S.C. § 1833a(b)(3)(A). The first half of the provision, related to causation, copies the Alternative Fines Act almost word-for-word, whereas the second half, about how to calculate the maximum penalty, departs significantly from the Alternative Fines Act.

WILLIAMS & CONNOLLY LLP
Page 2

  FIRREA was a massive statutory enactment, and its legislative history is voluminous. The Bank Defendants have reviewed legislative history related specifically to the proposals that eventually became 12 U.S.C. § 1833a, but we cannot be certain that we have found every relevant document or reference. The materials we have located and reviewed, however, expressly reference the Alternative Fines Act.

  Although the civil penalty provision of FIRREA was ultimately codified as a stand-alone section of the United State Code, the original bills proposed to amend the predicate criminal offenses themselves by both modifying the criminal penalty and adding a new civil penalty. Thus, for example, Section 915 of the original Senate bill proposed to amend the bank fraud statute, 18 U.S.C. § 1344, as follows:

> (i) Section 1344(a), title 18, United States Code, is amended—
>
> (1) by replacing "$10,000" with the words "$1,000,000 or twice the amount authorized by <u>section 3517(d) of this title</u> [the Alternative Fines Act], whichever is greater" and the word "five" with the word "twenty";
>
> (2) by removing the period at the end and adding the following: "and shall be subject to a civil penalty of $1,000,000 for each day the violation continues or the amount of the pecuniary gain attributable to the fraud, or $5,000,000, whichever is greater. Civil and criminal penalties and restitution under this section are cumulative."; and
>
> (3) by adding new subsections (c) and (d) as follows: . . . .

S. 413, § 915(i), 101st Cong. (1st Sess. 1989) (emphasis added).

  The bill used the same mechanism to amend various other financial institution criminal offenses: simultaneously increasing the criminal penalty with express reference to an amount twice that authorized by 18 U.S.C. § 3571(d), the Alternative Fines Act, and adding a civil penalty. *See* S. 413, § 915(b)(1), 101st Cong. (1st Sess. 1989) (amending 18 U.S.C. § 656); *id.* at § 915(c)(1) (amending 18 U.S.C. § 657); *id.* at § 915(d)(3) (amending 18 U.S.C. § 1005); *id.* at § 915(e)(1) (amending 18 U.S.C. § 1006); *id.* at § 915(f) (amending 18 U.S.C. § 1007); *id.* at § 915(h)(1) (amending 18 U.S.C. § 1014). *See also* 35 Cong. Rec. S2395 (daily ed. Mar. 8, 1989) (section-by-section analysis of S. 413).

  A later Senate bill, S. 774, followed the same format as Section 915 of S. 413, increasing the criminal penalties under certain existing criminal statutes and adding, as to each, a civil penalty provision. Like S. 413, the later Senate bill retained the explicit reference to 18 U.S.C. § 3571(d), as it proposed that the maximum criminal fines for those offenses would be increased to "$1,000,000 or twice the amount authorized by section 3571(d) of this title, whichever is greater." S. 774, § 1001(b)(1), 101st Cong. (1st Sess. 1989); *id.* at § 1001(c)(1); *id.* at § 1001(d)(5); *id.* at § 1001(e)(1); *id.* at § 1001(f); *id.* at § 1001(h)(2); *id.* at § 1001(i)(1).

  The original House bill contained language similar to the Senate bills and, like those bills, expressly referred to 18 U.S.C. § 3571(d) in the section that created the civil penalty provision. Section 915 of H.R. 1278 proposed that the Attorney General could bring a civil action for

WILLIAMS & CONNOLLY LLP
Page 3

certain criminal offenses related to financial institutions and that the maximum criminal fines for those offenses should be increased to "$1,000,000 or twice the amount authorized by section 3571(d) of this title, whichever is greater." H.R. 1278, § 915(b)(1), 101st Cong. (1st Sess. 1989) (amending 18 U.S.C. § 656); *id.* at § 915(c)(1) (amending 18 U.S.C. § 657); *id.* at § 915(d)(3) (amending 18 U.S.C. § 1005); *id.* at § 915(e)(1) (amending 18 U.S.C. § 1006); *id.* at § 915(f) (amending 18 U.S.C. § 1007); *id.* at § 915(h)(1) (amending 18 U.S.C. § 1014); *id.* at § 915(i)(1) (amending 18 U.S.C. § 1344).[1]

In the amendment to H.R. 1278 that came out of the Banking Committee, the civil and criminal penalty provisions were separated, moving the civil action and its penalties to Section 951, and the increased criminal penalties to Section 961.

Ultimately, the FIRREA bill that Congress passed and the President signed into law did not include the explicit references to the Alternative Fines Act that had appeared in the earlier FIRREA bills. But there can be no doubt that the drafters of FIRREA's civil penalty provision were well aware of the Alternative Fines Act, because they explicitly invoked that statute in the original criminal penalties provision, which at that time was located in the same section of the bill as the new civil penalty at issue here. In the final, enacted, version of FIRREA's civil penalty provision, codified at 12 U.S.C. § 1833a, Congress included causation language obviously borrowed from the Alternative Fines Act, therefore those clauses should be read similarly across both statutes. At the same time, Congress expressed its desire in FIRREA to depart from the penalty calculation in the Alternative Fines Act by eschewing the terms "gross gain" and "gross loss."

Sincerely,

/s/ Kenneth C. Smurzynski

Kenneth C. Smurzynski

---

[1] During a committee hearing in the House, witnesses referred to the then-current version of H.R. 1278, which contained these explicit references to the Alternative Fines Act. *See, e.g., Prosecuting Fraud in the Thrift Industry: Hearing Before the Subcomm. on Criminal Justice of the H. Comm. on the Judiciary*, 101st Cong. at 84, 113 (1989) (testimony of John K. Villa, Esq., Williams & Connolly) (noting that "the currently existing penalty statute"—"18 U.S. Code, section 3571(d)"— provided for a criminal fine of twice the gross gain or loss); *id.* at 111 (describing the proposed bill and its reference to "the alternative fine provision").