LAW OFFICES

# WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.

WASHINGTON, D. C. 20005-5901

(202) 434-5000

FAX (202) 434-5029

KENNETH SMURZYNSKI
(202) 434-5903
ksmurzynski@wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

March 20, 2014

The Honorable Jed S. Rakoff
United States District Court
for the Southern District of New York
500 Pearl Street, Room 1340
New York, NY 10007-1312

  Re: <u>United States v. Bank of America Corp., et al., No. 12 Civ. 1422 (JSR)</u>

Dear Judge Rakoff:

  In response to the Court's request at the March 13, 2014 hearing, the Bank Defendants submit this letter identifying state-court authority on issues pertaining to civil penalties.  The Court invited the parties to file letter briefs highlighting up to five state court cases.  Hr'g Tr. 27:9–15, 60:19–61:19.  Our research has revealed state-court decisions supporting two important principles of interpretation that may inform the Court's interpretation of FIRREA's civil penalty provision in this case.  First, state courts strictly construe statutes providing for punitive damages or multiple damages for a civil offense, because such provisions are penal in nature.  Second, and more specifically, state courts narrowly construe civil penalty provisions with respect to the amount of the penalty that may be imposed.  These principles from state court decisions provide further support for the Bank Defendants' argument that the Court should strictly construe FIRREA's civil penalty provision, which has a punitive and deterrent purpose, rather than a remedial function.  Thus, ambiguities regarding the scope of the penalty should be resolved in favor of Defendants.

  First, as a general matter, punitive damages and multiple damages statutes "are penal in nature and are to be strictly construed."  *Cox v. Microsoft Corp.*, 737 N.Y.S.2d 1, 3 (1st Dept. 2002) (internal quotation marks omitted); *see also id.* at 2 ("It has long been recognized that a provision for the trebling of damages is penal and subject to strict construction."); *Washington v. D.C. Department of Public Works*, 954 A.2d 945, 948 (D.C. 2008) (civil statute of penal nature subject to strict construction).  Thus, when courts in New York, for example, consider whether punitive damages or multiple damages are available or should be awarded against a defendant in a civil case, the courts construe the penalty provision strictly against imposing such a penalty. *See Cox*, 737 N.Y.S.2d at 3 (citing, inter alia, cases concerning sexual harassment and fraudulent

WILLIAMS & CONNOLLY LLP
Page 2

conveyance). Indeed, the Appellate Division has stated that "punitive damages are available only under circumstances expressly contemplated by the applicable statute, even where the statute recites that it is to be liberally construed." *Id.* (citations omitted).

In determining the proper principle of construction, the issue is not whether a statute is civil or criminal, but whether the consequence the statute imposes is penal in nature. *Washington*, 954 A.2d at 948. When there is "some sanction in the statute to compel obedience beyond mere redress to an individual for injuries received, the statute is penal." *Id.* (quoting 3 Norman J. Singer, Sutherland Statutory Construction § 59.1, at 116 (6th ed. 2001)). FIRREA's civil penalty provision, which imposes a penalty that is to be paid to the government, is penal in nature, and thus to be construed strictly. *See id.* ("It is an ancient rule of statutory construction that penal statutes should be strictly construed against the government or parties seeking to enforce statutory penalties and in favor of the persons on whom penalties are sought to be imposed." (quoting Singer, Sutherland Statutory Construction § 59.2, at 125–26)).

Second, state courts have narrowly construed statutes with regard to the amount of a civil penalty. For example, in *Hale v. Morgan*, 584 P.2d 512 (Cal. 1978), the California Supreme Court considered the meaning of the word "deprived" in a civil penalty statute that provided for a penalty of $100 for every day that a landlord willfully deprived a tenant of utility service for the purpose of evicting the tenant. The landlord did not dispute that his conduct was prohibited by the statute; he challenged only the interpretation of the penalty provision to impose a $17,300 penalty on him. In determining the correct interpretation, the California Supreme Court first noted that "[b]ecause the statute is penal, we adopt the narrowest construction of its penalty clause to which it is reasonably susceptible in the light of its legislative purpose." *Id.* at 523. The court then consulted the dictionary and, finding ambiguity in how the dictionary definition would apply to the statute, chose the narrowest construction of the term. *See id.* Ultimately, the court concluded that statutory penalties could accrue only so long as the tenant lacked practical access to any residential utility, including utility at any other residence, because the landlord terminated service. *See id.* at 523–524.

Following its decision in *Hale*, the California Supreme Court has emphasized that this principle of narrow construction applies specifically to "questions pertaining to the *amount* of civil penalty which could be assessed against" a defendant whose conduct is covered by the statute at issue. *People ex rel. Lungren v. Superior Court of the City & County of San Francisco*, 926 P.2d 1042, 1054 (Cal. 1996) (emphasis in original); *see also Fassberg Construction Co. v. Housing Authority of the City of Los Angeles*, 60 Cal. Rptr. 3d 375, 410 (Cal. Ct. App. 2007) (describing *Hale* as "narrowly construing [the statute] with regard to the amount of a civil penalty"). In *Lungren*, the court considered the proper construction of a state safe drinking water statute in the context of an enforcement action brought by the state attorney general against several faucet manufacturers. The statute permitted injunctive relief and civil penalties. 926 P.2d at 1044. The manufacturers sought to invoke the rule of strict construction in arguing that their conduct did not come within the purview of the statute. In rejecting that argument, the California Supreme Court emphasized that the narrow construction principle articulated in *Hale* is focused "on safeguarding against the excessive penalization of those found liable under a civil

WILLIAMS & CONNOLLY LLP
Page 3

statute." *Id.* at 1054; *see id.* ("We accordingly specified that we were narrowly construing the 'penalty clause.'" (quoting *Hale*, 584 P.2d at 523)).

These lines of state case law demonstrate that, when interpreting statutes that authorize penalties for civil violations, state courts strictly construe the penalty provisions, both in deciding whether penalties may be imposed at all and in determining the amount of the penalty that may be imposed. Applied to FIRREA's civil penalty provisions, which have a punitive purpose, those traditional principles indicate that those provisions, including the "special rule" for cases of "pecuniary gain [or] pecuniary loss," 12 U.S.C. § 1833a(b)(3), should be narrowly construed.

Sincerely,

/s/ Kenneth C. Smurzynski

Kenneth C. Smurzynski